ACOSTA, APELADA, *v.* PAGÁN, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 962.—Resuelto en mayo 5, 1913.

REGULARIDAD DE LOS PROCEDIMIENTOS—PRESUNCIÓN.—La regularidad de los procedimientos en las cortes de justicia se presume siempre mientras no se demuestre lo contrario.

DIVORCIO—ALIMENTOS—TRANSCRIPCIÓN DE AUTOS DEFECTUOSA.—Para que este tribunal pueda examinar en una apelación las alegaciones de no haberse concedido al apelante tiempo ni lugar para defenderse y de no haberse exigido a la demandante prueba sobre los hechos consignados en una solicitud sobre alimentos en un pleito de divorcio, es necesario que los hechos que sirven de base a dichas alegaciones estén debidamente incluídos en la transcripción de autos.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado del apelado: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Dictada sentencia por la Corte de Distrito de Mayagüez el 12 de agosto de 1912 en el pleito sobre divorcio seguido por Rosario Acosta Sepúlveda contra su esposo José Pagán Salazar, declarando roto y disuelto el vínculo matrimonial que los unía, la demandante, firme ya la sentencia de divorcio, solicitó de la corte que ordenara al demandado que entregara a la demandante la suma de $25 mensuales, para atender a las necesidades de la hija de ambos, puesta bajo la custodia de la demandante y de la demandante misma. En la solicitud se hace constar que la demandante carece de suficientes medios para vivir ella y atender a las necesidades de su hija, y que el demandado, según informes de la demandante, tiene una renta anual de más de mil pesos.

Celebrada la vista de la solicitud en corte abierta el 20 de enero de 1913, la corte ordenó al demandado que pagara a la demandante, como pensión alimenticia, la suma de 25 pesos mensuales, y contra esa resolución de la corte, dictada el 5 de febrero de 1913, se interpuso el presente recurso de apelación.

No se trata, pues, de una medida provisional dictada mientras el pleito de divorcio se encontraba pendiente, de acuerdo con el artículo 168 del Código Civil, sino de una resolución basada en lo dispuesto en el artículo 177 del propio código, que dice así: "Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, la corte de distrito puede asignarle alimentos discrecionales de los bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la tercera parte de la renta de aquéllos. La pensión alimenticia será revocada si llegare a hacerse innecesaria, o cuando la mujer divorciada contrajese segundo matrimonio."

El apelante sostiene en su alegato que la corte de distrito infringió el dicho artículo 177 al no conceder al demandado tiempo ni lugar para que compareciera a defenderse, y al no exigir a la demandante que presentara prueba sobre los hechos consignados en la solicitud.

Si el apelante deseaba sostener tales afirmaciones ante este Tribunal Supremo, debió antes haber preparado el récord de la apelación en debida forma. En la preparación de dicho récord no intervino la parte contraria, ni tampoco el juez sentenciador. Se compone de copias certificadas por el secretario de la córte de distrito como conformes con sus originales obrantes en el pleito de que se ha hecho mérito, de los siguientes documentos: sentencia en el pleito de divorcio, solicitud de alimentos, minuta de la vista de la misma, orden concediendo la pensión, y escrito de apelación.

No aparece de dichos documentos que el demandado compareciera al acto de la vista de la solicitud ni que hiciera alegación alguna con respecto de ella, pero tampoco de ninguno de ellos puede deducirse que no se diera al dicho demandado y apelante la oportunidad de comparecer y ser oído. Y como la presunción es que los procedimientos se llevaron a efecto de acuerdo con la ley, no habiendo el demandado y apelante demostrado en forma positiva nada en contrario, la presunción subsiste.

Pudiera tal vez deducirse de las constancias del récord, que la peticionaria no presentó prueba en apoyo de su solicitud, y que, esto no obstante, la corte le concedió la pensión que solicitara. A nuestro juicio, la corte no cometió error fundamental alguno al proceder de tal modo. Ella había intervenido en el pleito de divorcio anteriormente; ella tenía bajo su consideración la solicitud de la peticionaria, sostenida en corte abierta, en la que se alegaban hechos bastantes para basar la petición, y ella, habiendo en consideración la naturaleza especial del caso y sabiendo que la resolución que dictaba era susceptible de modificarse y aun de revocarse, si se le presentaban por la parte interesada razones suficien-

tes y legales para ello, pudo acceder como accedió a la pretensión de la demandante.

El recurso debe declararse sin lugar y confirmarse la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.