## In Re Tormes, Querellado.

Procedimiento de *disbarment.*—Moción sobre eliminación y
excepción previa. .

No. 14.—Resuelto en marzo 24, 1922.

Abogado—*Disbarment*—Corte Suprema: sus Facultades en Relación con la
Separación de Abogados.—Generalmente las legislaturas decretan leyes ex-
presivas del procedimiento que debe seguirse y de las causas que dan lugar
a la separación de los abogados del ejercicio de su profesión, pero tales leyes
no restringen el poder general de las cortes sobre los abogados, que son sus
oficiales, pudiendo ser removidos dichos abogados por otros motivos que los
fijados en la ley.

Id.—Ley Creando la Comisión de Reputación de 1909—Causas para la Se-
paración.—En la opinión se estudia y se fija el alcance de dicha ley y se
concluye que es tan amplia que incluye cuantos motivos justos puedan ima-
ginarse.

Id.—Delitos no Conectados con el Ejercicio de la Profesión.—La regla ge-
neral es que la Corte Suprema no intervendrá, a los efectos de juzgar la con-
ducta de los abogados, en la investigación original de actos delictivos come-
tidos por ellos que no tengan relación con el ejercicio de su profesión. Pero
si a ella se acude en forma y el delito cometido envuelve depravación moral,
la Corte Suprema, si estima que la justicia así lo exige, puede actuar in-
dependientemente, sin demora.

Id.—Intención Criminal.—No resultando claros los dos cargos de la querella
impugnados en cuanto a la intención del querellado, se declaró con lugar la
impugnación y se concedió al querellante un término para enmendarlos.

Los hechos están expresados en la opinión.

Abogado del querellado: Sr. J. H. Brown.

Abogado del querellante: Sr. José E. Figueras, Fiscal.

El Juez Presidente Sr. del Toro, emitió la opinión del
tribunal.

El 10 de febrero último, el fiscal de esta corte, por dele-
gación del Fiscal General de Puerto Rico, archivó una que-
rella en solicitud de que el abogado Leopoldo Tormes sea
separado del ejercicio de su profesión, basándose para ello
en tres cargos distintos.

El tribunal señaló la audiencia del 24 de febrero para la
consideración de la querella y habiendo el querellado alegado
varias cuestiones de derecho previas, dicha audiencia se li-
mitó a oir a los abogados de ambas partes sobre las indica-

das cuestiones que quedaron definitivamente sometidas a la consideración y resolución de la corte. Examinaremos conjuntamente la moción eliminatoria y las excepciones formuladas, porque en el fondo envuelven las mismas cuestiones.

Se sostiene que habiéndose presentado la querella basada en la ley creando la "Comisión de Reputación" de marzo 9, 1909, tal como quedó enmendada en 1910, las causas que se aleguen para solicitar la separación, no pueden ser otras que las expresamente fijadas en dicha ley. Es más, se insiste en que a tal conclusión debería llegarse aunque no se hubiera hecho mención en la querella de la ley, y se invoca la jurisprudencia de California, Oklahoma, Indiana y la Carolina del Norte, pero los mismos abogados del querellado reconocen que "en algunos otros Estados, las cortes declaran que no están limitadas a los casos expresados en los estatutos."

La cuestión suscitada es interesante y a no ser por el exceso de trabajo que pesa sobre esta Corte Suprema, la consideraríamos por escrito con la extensión debida. El caso de Oklahoma invocado, *Re Saddler,* 44 L. R. A. (N. S.) 1195, es digno de estudio e ilustra bien la posición asumida por el querellado.

Las legislaturas han adoptado leyes fijando el procedimiento y las causas para separar a los abogados del ejercicio de su profesión y generalmente las cortes han aplicado dichas leyes, pero creemos que las cortes conservan el poder inherente que a través de los siglos han tenido para separar del ejercicio de su profesión a aquellos abogados que a virtud de sus actuaciones hayan demostrado que son indignos de la confianza que en ellos se depositó, y es motivo de legítimo orgullo el observar cómo las cortes han sido sostenidas en su actitud por los líderes de la profesión.

"Aunque está bien establecido," dice Corpus Juris, "que la legislatura puede proveer que ciertos actos o conducta sean motivo de una separación, (*disbarment*), la doctrina

aceptada es que los estatutos y reglas solamente regulan el poder para eliminar en lugar de crear dicho poder, y que tales estatutos no restringen el poder general de las cortes sobre los abogados, que son sus oficiales, y que dichos abogados pueden ser removidos por otros motivos que los establecidos en el estatuto.'' 6 C. J. 584.

La ley de Puerto Rico no enumera todas las ·causas de separación y es tan amplia que cubre cuantos motivos justos puedan imaginarse. Su sección 9 dice:

''Sección 9.—El abogado que fuere culpable de engaño, conducta inmoral (*mal-practice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituído de su profesión por la Corte Suprema de Puerto Rico. La persona que siendo abogado fuere convicto de un delito grave (*felony*) cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará, convicto que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada por la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión (*disbarment*).''

Como es natural, se habla primero de aquellos actos directamente relacionados con la profesión y se expresa que el abogado que fuere culpable 1, de *engaño*, 2, de *conducta inmoral* (*malpractice*), 3, de *delito grave* y 4, de *delito menos grave*, todo en *conexión con el ejercicio de su profesión*, podrá ser suspendido o destituído por la Corte Suprema de Puerto Rico. El campo es bien extenso. No se habla sólo de hechos que ya previamente han sido calificados de delitos, sino de *conducta inmoral* (*malpractice*) y de *engaño* que la corte, de acuerdo con los precedentes y los reconocidos prin-

cipios de verdad, de honor y de moral en que la profesión se basa, apreciará en cada caso concreto a ella sometido.

Pero dice más el legislador. Expresa que podrá ser también suspendido o destituído de su profesión el abogado que fuere culpable de *cualquier delito que implicare depravación moral.* Ya no se trata de un acto directamente relacionado con la profesión. El legislador, considerando que cualquier depravación moral incapacita a una persona para el ejercicio de la abogacía, sanciona el principio de que tal depravación sea base para la separación aunque se haya cometido fuera de la esfera de acción del abogado.

Después de haber prescrito lo que antecede, completo en sí mismo, el legislador se refiere al caso de "la persona que siendo abogado fuere convicta de un *delito grave* cometido en conexión con la práctica de su profesión o que implique depravación moral" y ordena que "cesará, *convicto que fuere,* de ser abogado o de ser competente para la práctica de su profesión," fijando el procedimiento que debe seguirse para ello.

Son casos y procedimientos distintos. Primero se habla del *abogado que fuere culpable* y después de la *persona que siendo abogado fuere convicta.* El primer caso se extiende a *cualquier delito;* el segundo está circunscrito a los *delitos graves.* En el primer caso es la misma corte la que investiga los actos del abogado. En el segundo basta una copia certificada de la sentencia para actuar en definitiva. El procedimiento para el primer caso está fijado en la sección doce de la ley. Para el segundo está contenido en la propia sección nueve.

Habiendo en consideración lo expuesto, procederemos al examen de los cargos.

Con respecto al tercero no se ha levantado cuestión alguna. Parece que el querellado admite que debe investigarse su conducta en relación con el mismo a fin de que la corte decida de acuerdo con la evidencia que se practique.

Con respecto al primero, estudiaremos tres cuestiones a saber: si debe eliminarse, por no constituir en los momentos actuales base apropiada para este procedimiento; si en el caso que imputara el delito de falsa representación, tal delito envuelve depravación moral, y si contiene todos los elementos necesarios para concluir que el querellado realizó el acto con intención criminal.

Veamos la primera cuestión. Se pide la eliminación del cargo porque los hechos imputados no se relacionan con el ejercicio de la profesión y no se alega que el querellado haya sido juzgado y convicto de acuerdo con la ley. Los hechos, en resumen, son así: Tormes, a virtud de falsas y fraudulentas simulaciones, hizo creer a Miguel Almodóvar que tenía depositada en el Crédito y Ahorro Ponceño la suma de tres mil dólares y logró que Almodóvar le entregara dicha suma dándole Tormes un cheque por la misma. Cuando el cheque fué a ser cobrado, se encontró que Tormes sólo tenía en el banco alrededor de doscientos dólares. Tormes en ninguna ocasión tuvo en el banco más de trescientos dólares.

El hecho no está, pues, relacionado directamente con la práctica de la profesión y convenimos con el querellado en que la regla general es que la Corte Suprema no intervendrá con los delitos que pueda haber cometido una persona que sea abogado que no estén relacionados con la práctica de su profesión. Debe dejarse que la persona sea perseguida al igual que cualquier otro ciudadano, y si es convicta, entonces se procederá en la forma casi automática que señala la sección 9 de la ley.

Pero esto no quiere decir que si cualquier ciudadano privado o funcionario público o asociación en general y especialmente asociación de abogados, sabe que una persona que ejerce la profesión de abogado ha cometido un delito relacionado o no con el ejercicio de su profesión pero que envuelve depravación moral, no pueda presentar queja contra tal persona y que en tal caso esté la Corte Suprema impe-

dida de investigar la conducta del abogado a los efectos únicamente de decidir si debe o no ser suspendido o separado en el ejercicio de su profesión.

La resolución de la cuestión primera depende, pues, de la segunda, y ésta, a nuestro juicio, es clara. No podemos concebir que un hombre se apropie de lo que pertenece a otro valiéndose de falsas y fraudulentas simulaciones, sin poner de manifiesto que su conducta moral se ha depravado.

"La depravación moral consiste en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. El delito de extorsión envuelve una depravación moral, al efecto de justificar la separación de un abogado que ha cometido una extorsión." *In re Disbarment of Coffey, 56 Pac. 448, 449, 123 Cal. 522.*

"Todo lo que se hace contrario a la justicia, la honradez, la modestia o la moral es hecho con depravación, de modo que un desfalco envuelve depravación moral que justifica la separación de un abogado." *In re Kirby, 73 N. W. 92, 94, 10 S. D. 322, 39 L. R. A.* 856. *5Words and Phrases Jud. Defined, 4581.*

Repetimos que la regla general es que los delitos independientes que pueda cometer una persona que sea abogado, envuelvan o no depravación moral, serán juzgados al igual que los que cometa cualquier otro ciudadano reservándose la Corte Suprema decidir sobre la separación del abogado del ejercicio de su profesión cuando la causa termine. Pero repetimos también que la Corte Suprema en los casos que el delito independiente cometido envuelva depravación moral, no está obligada a esperar que la causa criminal se instruya y decida en definitiva, ni a seguir como única verdad la sentencia que se pronuncie.

Hemos dicho que la corte no está obligada, porque la corte en el ejercicio de una sana discreción podría por sí misma negarse a intervenir dejando que el asunto fuera investigado y decidido de acuerdo con la ley criminal, pero en este caso creemos que nuestra discreción debe ejercitarse en el sentido de proceder sin demora principalmente porque en la misma

querella se formulan dos cargos más directamente relacionados con el ejercicio de la profesión.

Resta considerar la tercera cuestión. Basta leer el cargo para concluir que su tendencia es imputar al querellado un verdadero delito de falsa representación, pero el elemento intencional no se expresa con la claridad debida. Si bien se alega que el querellado actuó valiéndose de falsas y fraudulentas simulaciones, al final pierde fuerza la imputación cuando se deja sin calificar la última intención del querellado. Quizá podría deducirse que fué el apropiarse el dinero de Almodóvar, pero si esto es así, debe expresarse con firmeza. El debate debe ser abierto, franco.

A igual resolución es necesario llegar en cuanto al segundo cargo. El acto que se imputa está tal vez directamente relacionado con el ejercicio de la profesión. Se trata de una cantidad depositada en una corte de distrito perteneciente a un menor. Tormes intervino como abogado y obtuvo una orden mandando invertir la cantidad en beneficio del menor. Luego sin autorización especial de su cliente, Tormes firmó a su nombre un cheque y cobró la suma. Finalmente se dice que el dinero que recibió el querellado "lo entregó a don Angel Lomo, vecino de Ponce, como parte del precio en la cancelación de una hipoteca, en la cual éste era acreedor, siendo deudor don Antonio Franceschi Rodríguez." El fiscal se limita a narrar esos hechos en una forma larga y vaga. Nada expresa con respecto al elemento mental del querellado. No puede concluirse con certeza cuál fué su verdadera intención.

En el caso de que se concluyera que el cheque no había sido firmado por Tormes como abogado y que el hecho imputado no se había realizado en conexión con el ejercicio de la abogacía, siempre resultaría que el cargo estaba comprendido dentro de los principios aplicados al primer cargo y por tanto que la corte no está obligada a aguardar la condena del querellado.

Por virtud de todo lo expuesto opinamos que debe declararse sin lugar la moción de eliminación y con lugar la excepción previa en cuanto a los dos primeros cargos, pero estimando que si dichos dos cargos se enmendaran en el sentido de narrar los hechos con más precisión y claridad y en el de explicar la intención del querellado al cometerlos, podrían tal vez servir de base para una separación en el caso de probarse, creemos que debe concederse al fiscal un término razonable para enmendar su querella.

> *Sin lugar la moción de eliminación y con lugar la excepción previa, concediendo al fiscal siete días para enmendar la querella.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.