*In re* JUAN LUIS BOSCIO MONLLOR, LUIS CARBONE ROSARIO, RAYMOND CATALÁ FONFRÍAS, WILSON F. COLBERG PÉREZ, JUAN R. COTTO VIVES, PEDRO M. GONZÁLEZ SÁNCHEZ, MANUEL PARRILLA MÁRQUEZ, JOSÉ F. QUILES CARDONA.

*Números:* CE-85-748, CE-85-580, CE-85-544, CE-85-646, CE-85-383, O-85-382, CE-85-755, O-85-61

*Resueltos:* 2 de diciembre de 1985

694

*Héctor Rivera Cruz, Secretario de Justicia, Rafael Ortiz Carrión,
Procurador General, Américo Serra, Procurador General In-
terino, Rosa Negrón, Procuradora General Auxiliar, Eliadís
Orsini Zayas, Procuradora General Auxiliar, Ricardo E. Ale-
gría Pons, Procurador General Auxiliar,* abogados del Pue-
blo; *Luis Muñoz Rivera,* abogado del querellado Juan R.
Cotto Vives; *Manuel E. Moraza Choisne,* abogado del quere-
llado José F. Quiles Cardona.

PER CURIAM: El abogado Juan Luis Boscio Monllor fue
admitido al ejercicio de la profesión legal el 14 de enero de
1970, el abogado Luis Carbone Rosario el 13 de diciembre de
1968, el abogado Raymond Catalá Fonfrías el 3 de enero de
1974, el abogado Wilson F. Colberg Pérez el 21 de noviembre
de 1957, el abogado Juan R. Cotto Vives el 5 de junio del 1974,
el abogado Pedro M. González Sánchez el 29 de diciembre de
1976, el abogado Manuel Parrilla Márquez el 13 de mayo de

1980, y el abogado José F. Quiles Cardona el 3 de enero de 1974. Éstos también fueron autorizados para ejercer como notarios. (¹)

Durante el transcurso de este año, 1985, todos estos abogados resultaron convictos por el Tribunal de Distrito federal para el Distrito de Puerto Rico por delitos graves o menos graves que implican depravación moral. Contra todos ellos el Procurador General ha presentado querella (²) para que, a tenor con lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735) y en virtud de la facultad inherente de este Tribunal para regular la profesión de abogado, sean separados permanentemente de la profesión legal. Con todas estas querellas se acompañó copia certificada de la sentencia dictada por el tribunal federal.

■ De las copias certificadas de las sentencias que se hicieron formar parte de las querellas se desprende que: el abogado Quiles Cardona fue sentenciado el 11 de enero de 1985

---

(¹) El abogado Boscio Monllor fue autorizado para ejercer como notario el 10 de febrero de 1970, el abogado Carbone Rosario el 5 de septiembre de 1974, el abogado Catalá Fonfrías el 1ro de febrero de 1974, el abogado Colberg Pérez el 10 de mayo de 1962, el abogado Cotto Vives el 9 de julio de 1974, el abogado González Sánchez el 14 de febrero de 1977, el abogado Parrilla Márquez el 11 de noviembre de 1980 y el abogado Quiles Cardona el 3 de enero de 1974.

(²) Por entrañar estas querellas cuestiones comunes de derecho las hemos consolidado.

Las querellas contra los abogados Cotto Vives y González Sánchez se presentaron el 14 de junio de 1985. La querella contra el abogado Quiles Cardona se presentó el 5 de febrero, contra el abogado Catalá Fonfrías el 16 de agosto, contra el abogado Carbone Rosario el 6 de septiembre, contra el abogado Colberg Pérez el 1ro de octubre, contra el abogado Boscio Monllor el 18 de noviembre, y contra el abogado Parrilla Márquez el 20 de noviembre de 1985.

Contra el abogado Raymond Catalá Fonfrías también se encuentra pendiente otra querella presentada por el Procurador General el 15 de abril de 1985, *In re Raymond Catalá*, O-85-227, en la cual se le imputa haber violado el "Canon 24 de Ética de la Profesión legal al adoptar una excesiva liberalidad al interpretar en los recibos de pago el concepto por el cual los querellantes . . . le consignaban el dinero".

por establecer un esquema para pagar a un representante de una organización laboral dinero perteneciente a un plan de beneficio de los empleados, Sec. 186(a)(1) del Tít. 29 del Código de Estados Unidos; el abogado González Sánchez fue sentenciado el 3 de mayo de 1985 por conspirar para defraudar y encubrir y ayudar a cometer un fraude en relación con el correo, Secs. 371([3]) y 1341 del Tít. 18 del Código de Estados Unidos; el abogado Catalá Fonfrías el 2 de agosto por encubrir y ayudar a conspirar contra los derechos civiles de un ciudadano de Estados Unidos, Secs. 2, 241 y 242 del Tít. 18 del Código de Estados Unidos; el abogado Carbone Rosario el 16 de agosto por conspirar para poseer con intención de distribuir cocaína, Secs. 846 y 841(a)(1)([4]) del Tít. 21 del Código de Estados Unidos, Sec. 2 del Tít. 18 del mismo Código; el abogado Colberg Pérez el 30 de agosto por conspirar para importar a Estados Unidos marihuana y ayudar y encubrir la importación de marihuana a Estados Unidos, Secs. 952, 960 y 963 del Tít. 21 del Código de Estados Unidos y la Sec. 2 del Tít. 18 del mismo Código; el abogado Boscio Monllor el 31 de octubre por ayudar y encubrir con el propósito de llevar a cabo un esquema para defraudar y transferir dinero en el comercio interestatal, Secs. 1343 y 2 del Tít. 18 del Código de Estados Unidos;([5]) el abogado Cotto Vives el 15 de marzo por llevar

---

([3])En *In re Varona Pacheco*, 71 D.P.R. 411 (1950), dijimos que una convicción por infringir la Sec. 371 del Tít. 18 del Código de Estados Unidos implica depravación moral y lleva consigo la separación inmediata de la profesión de la abogacía de conformidad con la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735).

([4])En *In re Núñez López*, 115 D.P.R. 702 (1984), determinamos que la convicción por infringir la Sec. 841(a)(1) del Tít. 21 del Código de Estados Unidos también implica depravación y lleva consigo la separación inmediata de la profesión de la abogacía de conformidad con la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*.

([5])El 26 de septiembre de 1985 el Tribunal de Distrito federal para el Distrito de Puerto Rico al amparo de la Regla local federal 211.1(A), emitió una orden que suspendía indefinidamente de la profesión legal en dicho foro a los abogados Juan Luis Boscio Monllor, Luis Carbone Rosario, Raymond Catalá Fonfrías, Wilson F. Colberg Pérez, Pedro M. González Sánchez y José F. Quiles Cardona.

a cabo un esquema para desfalcar y apropiarse de dinero perteneciente a una organización laboral, Sec. 501(c) del Tít. 29 del Código de Estados Unidos, y el abogado Parrilla Márquez el 8 de noviembre por conspirar para cometer una ofensa o defraudar a Estados Unidos, Sec. 371 del Tít. 18 del Código de Estados Unidos.

Es doctrina firmemente establecida en nuestra jurisdicción que la causa de desaforo o suspensión del ejercicio de la profesión de abogado no tiene necesariamente que surgir con motivo de la actividad profesional, basta con que afecte las condiciones morales del querellado. *In re Rivera Cintrón*, 114 D.P.R. 481, 491 (1983); *Colegio de Abogados* v. *Barney*, 109 D.P.R. 845, 848 (1980); *In re Liceaga*, 82 D.P.R. 252, 255–256 (1961). La conducta de los querellados, que culminó en las antes referidas convicciones, es una que afecta sus condiciones morales e implica depravación moral, lo cual es incompatible con la práctica de la profesión legal y más aún es causa grave que les descualifica automáticamente para continuar en el ejercicio de la abogacía. *In re Varona Pacheco*, 71 D.P.R. 411 (1950); *In Re Tormes*, 30 D.P.R. 267 (1922); *In re Rivera Cintrón*, supra. Las funciones que le competen a los abogados como oficiales del tribunal, hacen que un abogado convicto de delito grave o menos grave que implique depravación moral esté incapacitado para desempeñar éticamente los deberes y obligaciones que como abogado le corresponden. *In Re Tormes*, supra; *In re Núñez López*, 115 D.P.R. 702 (1984).

En *In re Snyder*, 86 L. Ed.2d 504, 513 (1985), el Tribunal Supremo de Estados Unidos se expresó sobre las funciones de un abogado como sigue:

> As an officer of the court, a member of the bar enjoys singular powers that others do not possess; by virtue of admission, members of the bar share a kind of monopoly granted only to lawyers. Admission creates a license not only to advise and counsel clients but to appear in court and

try cases; as an officer of the court, a lawyer can cause persons to drop their private affairs and be called as witnesses in court, and for depositions and other pretrial processes that, while subject to the ultimate control of the court, may be conducted outside courtrooms. *The license granted by the court requires members of the bar to conduct themselves in a manner compatible with the role of courts in the administration of justice.* (Énfasis suplido.)

En *In re Sánchez Gómez*, 115 D.P.R. 74, 75 (1984), dijimos que la conducta de un abogado al incitar y ayudar a distribuir cocaína y la distribución de ésta que dio lugar a convicciones bajo la Ley Federal de Sustancias Controladas "implica depravación moral" y acarrea la separación inmediata del ejercicio de la abogacía.

Recordemos que "[l]a misión de los abogados en la sociedad es altamente noble, pues están llamados a auxiliar a la recta administración de justicia. En ellos confían, no sólo las partes interesadas en los pleitos, sino las cortes mismas". *In re Díaz*, 16 D.P.R. 82, 92 (1910). Este Tribunal constantemente ha reiterado que la misión del abogado "como tal no se limita meramente a representar intereses privados . . . sino a ser un instrumento leal y eficaz de la administración de la justicia y del orden en nuestra sociedad". *Martínez Rivera* v. *Sears, Roebuck*, 98 D.P.R. 641, 652 (1970); *Colegio de Abogados de P.R.* v. *Schneider*, 112 D.P.R. 540, 559 (1982), opinión concurrente.

Hemos resuelto que "[l]a depravación moral, tratándose de abogados, consiste . . . en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. . . . En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias".

*Morales Merced* v. *Tribunal Superior*, 93 D.P.R. 423, 430 (1966) ; *In re Rivera Cintrón*, supra, pág. 491. En casos como los de autos, en que el abogado ha incurrido en conducta de la naturaleza antes descrita que implica depravación moral y la ley reguladora del ejercicio de la abogacía dispone que la persona así convicta cesará "de ser abogado o de ser competente para la práctica de su profesión [y a] la presentación de una copia certificada de la sentencia" este Tribunal ordenará que se borre su nombre del registro de abogados. Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735). (⁶)

Habiéndose presentado copia certificada de las sentencias dictadas por el Tribunal de Distrito federal para el Distrito de Puerto Rico y en virtud de lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, y de nuestra facultad inherente, *se decreta la separación inmediata de los abogados Juan Luis Boscio Monllor, Luis Carbone Rosario, Raymond Catalá*

---

(⁶) 4 L.P.R.A. sec. 735:

*"Desaforo o suspensión temporal—Engaño, conducta inmoral, convicción criminal*

"El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión."

Cabe señalar que en los procedimientos judiciales la presunción es siempre a favor de su regularidad a menos que se demuestre lo contrario. *Acosta* v. *Pagán*, 19 D.P.R. 459 (1913) ; *Ex Parte Le Hardy*, 17 D.P.R. 1024 (1911) ; *Aramburu* v. *Córdova, Juez de Distrito*, 17 D.P.R. 948 (1911) ; *Río* v. *La Corte Municipal*, 16 D.P.R. 813 (1910), y toda presunción es a favor de la legalidad de una sentencia dictada por un tribunal competente. *Rodríguez* v. *Banco Popular*, 66 D.P.R. 781 (1946) ; *Moral & Co.* v. *Diez et al.*, 16 D.P.R. 332 (1910).

*Fonfrías, Wilson F. Colberg Pérez, Juan R. Cotto Vives, Pedro M. González Sánchez, Manuel Parrilla Márquez y José F. Quiles Cardona del ejercicio de la abogacía y el notariado en Puerto Rico. Se ordena que sus nombres sean borrados del Registro de Abogados autorizados para ejercer la profesión en esta jurisdicción, independientemente de que hubieren interpuesto recurso de apelación en relación con las antes mencionadas convicciones.*