*In re* ANTONIO LUIS ORTIZ GILOT.

*Número:* CE-86-222      *Resuelto:* 8 de abril de 1986

*Rafael Ortiz Carrión, Procurador General, Rosa Negrón de Qui-ñones, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El abogado Antonio Luis Ortiz Gilot fue admitido al ejercicio de la profesión legal el 26 de junio de 1973 y se le autorizó para ejercer como notario el 13 de julio de 1973. El 27 de enero de 1985 el abogado Ortiz Gilot fue sentenciado por el Tribunal Superior, Sala de San Juan a cumplir siete (7) años de presidio en forma concurrente en cuatro casos por apropiación ilegal agravada de vehículos pertenecientes al Estado Libre Asociado de Puerto Rico.

■ Recientemente hemos reiterado que "la misión de los abogados en la sociedad es altamente noble, pues están llamados a auxiliar a la recta administración de justicia. En ellos confían no sólo las partes interesadas en los pleitos, sino las cortes mismas". *In re Díaz,* 16 D.P.R. 82, 92 (1910) ; *In re Boscio Monllor,* 116 D.P.R. 692 (1985) ; *In re Siverio Orta,* 117 D.P.R. 14 (1986).

■ Una sentencia de convicción, final y firme contra un abogado, por un delito que implica torpeza o deformación moral, inhabilita al convicto para ser miembro de la profesión legal y procede que este Tribunal decrete su separación permanente de la abogacía. *In re Tormes,* 30 D.P.R. 267 (1922) ; *In.re Arreche Holdun,* 114 D.P.R. 680 (1983) ; *In re Núñez López,* 115 D.P.R. 702 (1984) ; *In re Boscio Monllor,* supra.

■ Hemos resuelto que "[l]a depravación moral, tratándose de abogados, consiste . . . en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral . . . . En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido

de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias". *Morales Merced* v. *Tribunal Superior*, 93 D.P.R. 423, 430 (1966); *In re Rivera Cintrón*, 114 D.P.R. 481, 491 (1983); *In re Boscio Monllor*, supra.

Al amparo de lo dispuesto por la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735) y el poder inherente de este Tribunal para reglamentar el ejercicio de la profesión de abogado, procede la separación de un abogado del ejercicio de la abogacía por haber incurrido en conducta delictiva que implique depravación moral. *In re Sánchez Gómez*, 115 D.P.R. 74 (1984); *In re Boscio Monllor*, supra.

■ En casos como el de autos en que el abogado ha incurrido en conducta de la naturaleza antes descrita que implica depravación moral, la ley reguladora del ejercicio de la abogacía dispone que el abogado así convicto cesará "de ser abogado o de ser competente para la práctica de su profesión [y a] la presentación de una copia certificada de la sentencia" este Tribunal ordenará que se borre su nombre del registro de abogados.[1] El Procurador General acompañó con la que-

---

[1] Sec. 9, Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735):

*"Desaforo o suspensión temporal—Engaño, conducta inmoral, convicción criminal*

"El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gober-

rella presentada contra el abogado Ortiz Gilot copia certifi-
cada de la sentencia del Tribunal Superior, Sala de San Juan,
donde se encontró culpable a éste por el delito de apropiación
ilegal agravada y se le condenó a cumplir la pena de siete (7)
años de presidio. En virtud de lo dispuesto en la Sec. 9 de la
Ley de 11 de marzo de 1909, *supra*, y de nuestra facultad in-
herente, *se decreta la separación inmediata del abogado nota-
rio Antonio Luis Ortiz Gilot del ejercicio de la abogacía y de
la notaría.* (²) *Se ordena que su nombre sea borrado del regis-
tro de abogados autorizados para ejercer la profesión en esta
jurisdicción.*

*Se dictará sentencia de conformidad con lo antes expuesto.*

---

nador de Puertó Rico, la Corte Suprema estará facultada para dejar sin
efecto o modificar la orden de suspensión."

(²) El abogado notario Ortiz Gilot hizo entrega del protocolo y registro
de afidávit al Director de Inspección de Notarías, los cuales fueron exami-
nados y aprobados por éste y entregados al Archivo General de Protocolos
de San Juan.