Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Guillermo Zúñiga López | 2009 TSPR 169 <br><br> 177 DPR ____ |

Número del Caso: TS-12,361


Fecha: 27 de octubre de 2009


Abogados de la Parte Peticionaria:

> Lcdo. Rafael Anglada López
> Lcdo. José Gastambide Añeses




Materia: Conducta Profesional
    (La Suspensión será efectiva el 2 de noviembre de    2009
     fecha en que se le notificó al abogado de su suspen    sión
     Inmediata)




Este documento constituye un documento oficial del    Tribunal Supremo que está sujeto a los cambios y correccione   s del proceso de compilación y publicación oficial de las decisio   nes del Tribunal. Su distribución electrónica se hace como    un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Guillermo J. Zúñiga López          TS-12,361

PER CURIAM

San Juan, Puerto Rico, a 27 de octubre de 2009.

> "La misión de los abogados en la sociedad es altamente noble, pues están llamados a auxiliar a la recta administración de justicia. En ellos confían no sólo las partes interesadas en los pleitos, sino las cortes mismas".[1]

El licenciado Guillermo J. Zúñiga López (Zúñiga López) fue admitido al ejercicio de la abogacía el 23 de enero de 1998. El 25 de septiembre de 2009, la Secretaria del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico (Tribunal de Distrito Federal) nos remitió copia

---

[1] Véanse *In re Ortiz Gilot*, 117 D.P.R. 167, 168 (1986), *In re Siverio Orta*, 117 D.P.R. 14, 19 (1986), *In re Boscio Monllor*, 116 D.P.R. 692, 698 (1985), *In re Díaz*, 16 D.P.R. 82, 92 (1910).

certificada de la sentencia dictada por ese foro en el caso *United States of America v. Guillermo Zúñiga López*, CR-08-335 (JAF). Según surge del mencionado documento, el 10 de agosto de 2009 el tribunal de distrito federal sentenció al abogado Zúñiga López luego de que éste se declarara culpable de haber ofrecido falso testimonio durante el curso de una investigación federal, ello en violación a la sección 1001(a)(2) del título 18 del United States Code, 18 U.S.C. sec. 1001(a)(2).[1]

Por esos hechos, el tribunal de distrito federal le impuso una sentencia de 2 años de libertad a prueba sujeto a varias condiciones, una imposición especial de $100.00, una pena monetaria de $5,000.00, así como 180 horas de servicio comunitario.

Luego de que el tribunal de distrito federal emitiera el referido dictamen, el 23 de septiembre de 2009 el licenciado Zúñiga López presentó ante este Foro una Solicitud de retiro de la práctica de la abogacía, esto es una petición de baja voluntaria.[2] En esa

---

[1] La mencionada sección dispone lo siguiente:
 (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
 (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
 (2) <u>makes any materially false, fictitious, or fraudulent statement or representation; or</u>
 (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

[2] Debemos mencionar que el 17 de febrero de 2009 el señor Iván R. Rocafort García presentó ante este Tribunal una queja contra el licenciado Zúñiga López (Queja Núm. AB-2009-36). El quejoso alegó que el abogado le privó de recibir servicios honestos en la Cámara y el Senado

solicitud, el abogado Zúñiga López hizo un recuento de los eventos que ocurrieron desde que varios agentes de la Oficina Regional del Negociado Federal de Investigaciones en Puerto Rico (F.B.I., por sus siglas en inglés) lo entrevistaron en el 2008 acerca del alegado esquema de extorsión por parte del ahora ex senador y convicto Jorge De Castro Font hasta que finalmente se declaró culpable y el tribunal de distrito federal le impuso la mencionada sentencia en el caso criminal presentado en su contra.

I

En reiteradas ocasiones hemos expresado que este Foro posee la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. Como parte de esa facultad, este Tribunal puede desaforar o suspender por un término específico a los miembros de la profesión legal que no sean idóneos para ejercer tal ministerio. *In re Castillo Martínez*, res. el 29 de febrero de 2008, 2008 T.S.P.R. 43, 173 D.P.R. ___ (2008).[3] También hemos señalado que la causa del desaforo o de la

de Puerto Rico, ya que manipuló el P. de la C. 4336 en la pasada sesión legislativa. Añadió lo siguiente: "[e]l Lcdo. Zúñiga se ha declarado culpable ante el foro federal por haber mentido en la investigación del senador Jorge De Castro Font. Mi proyecto fue detenido luego de lograr pasar Cámara y Senado. El Lcdo. Zúñiga cabildeó en contra del proyecto siendo cliente suyo nuestro competidor RJ Reynolds Company…".

El 13 de abril de 2009, el abogado Zúñiga López presentó sus comentarios y reacciones a la queja, y solicitó el archivo de ésta. El 12 de mayo de 2009, la Secretaria de este Tribunal envió a la Oficina de la Procuradora General copia del expediente de la queja para investigación e informe a tenor con lo dispuesto en la Regla 14(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, R.14. Posteriormente, el 4 de mayo de 2009, el quejoso presentó un escrito titulado Contestación a las alegaciones del querellado, el cual fue remitido a la Oficina de la Procuradora General el 11 de junio de 2009.

[3] Véanse, además, *In re Morell Corrada*, res. el 1 de junio de 2007, 2007 T.S.P.R. 113, 171 D.P.R. ___ (2007); *In re González Díaz*, 163 D.P.R. 648, 650 (2005).

suspensión no tiene necesariamente que surgir con motivo del ejercicio de la profesión, sino que basta con que afecte las condiciones morales del abogado. *In re Boscio Monllor*, 116 D.P.R. 692, 697 (1985). Tal conducta del abogado no le hace digno de ser miembro de este Foro. *In re Calderón Nieves*, 157 D.P.R. 299, 304 (2002).[4] Así lo establece la Sec. 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, la cual -en lo pertinente- expresa lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. […] (Énfasis suplido.)

Conforme a la mencionada disposición, toda conducta delictiva del abogado que evidencie su quebrantamiento moral, aun cuando no sea producto del ejercicio de la profesión legal o en conexión con éste, es motivo para que este Tribunal lo desafore o lo suspenda. *In re González Díaz*, 163 D.P.R. 648, 651 (2005). En diversas instancias hemos planteado que, tratándose de abogados, la depravación moral consiste "en hacer algo contrario a la

---

[4] *In re Peña Peña*, 153 D.P.R. 642, 650 (2001).

justicia, la honradez, los buenos principios o la moral".[5]
En *Morales Merced v. Tribunal Superior*, 93 D.P.R. 423, 430
(1966), expusimos que la depravación moral se considera
"como un estado o condición del individuo, compuesto por
una deficiencia inherente de su sentido de la moral y la
rectitud; en que la persona ha dejado de preocuparse por
el respeto y la seguridad de la vida humana y todo lo que
hace es esencialmente malo, doloso, fraudulento, inmoral,
vil en su naturaleza y dañino en sus consecuencias".[6]

En atención a las funciones que les competen a los
abogados como oficiales del tribunal, hemos resuelto que
un abogado convicto de delito grave o menos grave que
implique depravación moral está incapacitado para
desempeñar éticamente los deberes y las obligaciones que
le corresponden como miembro de la profesión legal. *In re
Vega Morales*, 167 D.P.R. 331, 334-335 (2006); In *re Boscio
Monllor*, *supra*, pág. 697.

A la luz de lo antes expuesto, nos corresponde
evaluar la conducta del licenciado Zúñiga López, ello con
el propósito de determinar si procede su suspensión del
ejercicio de la abogacía en Puerto Rico.

---

[5] Véanse, también, *In re Morell Corrada*, *supra*; In *re González Díaz*, *supra*, pág. 651.

[6] Véanse, además, *In re García Quintero*, 138 D.P.R. 669, 671 (1995); *In re González Díaz*, *supra*, pág. 651; *In re Ortiz Gilot*, *supra*, págs. 168-169; *In re Boscio Monllor*, *supra*, pág. 698; *Morales Merced v. Tribunal Superior*, *supra*, pág. 430.

II

El abogado Zúñiga López se declaró culpable de haber ofrecido falso testimonio durante el curso de una investigación realizada por una agencia federal, ello en violación a la sección 1001(a)(2) del título 18 del United States Code, 18 U.S.C. sec. 1001(a)(2). Por tal actuación, el licenciado fue sentenciado el pasado 10 de agosto de 2009 a cumplir una sentencia de 2 años de libertad a prueba, entre otras penas impuestas.

No hay duda de que la conducta del abogado Zúñiga López demuestra la existencia de depravación moral en el estado ético de éste y ello constituye motivo suficiente para suspenderlo de la profesión legal en Puerto Rico. Hemos manifestado que la mentira degrada el carácter y envilece el espíritu y es antítesis de la conducta recta y honorable que se exige de todo abogado. *In re Irisarri Castro*, res. el 28 de septiembre de 2007, 2007 T.S.P.R. 177, 172 D.P.R. ___ (2007).[7]

Habiendo recibido copia certificada de la sentencia dictada por el tribunal de distrito federal y de conformidad con lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, y de nuestra autoridad inherente para reglamentar la profesión legal, *se decreta la separación inmediata e indefinida del abogado Zúñiga López del ejercicio de la abogacía en Puerto Rico. Además, se*

---

[7] Véase, también, *In re Busó Aboy*, 166 D.P.R. 49, 67 (2005); *In re Cuyar Fernández*, 163 D.P.R. 113, 118 (2004); *In re Filardi Guzmán*, 144 D.P.R. 710, 718 (1998); *In re Ramos y Ferrer*, 115 D.P.R. 409, 412 (1984).

*ordena que su nombre sea borrado del registro de abogados autorizados para ejercer la profesión en esta jurisdicción.*

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Guillermo J. Zúñiga López            TS-12,361

SENTENCIA

San Juan, Puerto Rico, a 27 de octubre de 2009.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se decreta la separación inmediata e indefinida del abogado Zúñiga López del ejercicio de la abogacía en Puerto Rico. Además, se ordena que su nombre sea borrado del registro de abogados autorizados para ejercer la profesión en esta jurisdicción.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo