*In re* RAFAEL DOITTEAU CRUZ.

*Número:* TS-5827  *Resuelto:* 17 de mayo de 2017

*Joseph G. Feldstein del Valle*, subprocurador general, y *María del C. Ortiz Toral*, procuradora general auxiliar, abogados de la Oficina del Procurador General.

PER CURIAM: Hoy nos corresponde suspender al Sr. Rafael Doitteau Cruz de la profesión de la abogacía de manera indefinida, puesto que ha recaído una sentencia final y firme en su contra por delitos graves que implican depravación moral.

I

Mediante una Opinión *per curiam* de 29 de abril de 2014, suspendimos provisionalmente al otrora licenciado, el señor Doitteau Cruz, de la profesión de la abogacía y la notaría en tanto fue encontrado culpable de tres cargos graves de actos lascivos según el Art. 144 del Código Penal de 2004, 33 LPRA sec. 4772 (ed. 2010), y de un cargo grave

de actos lascivos e impúdicos según el Art. 105-A del Código Penal de 1974, 33 LPRA ant. sec. 4067. Véase *In re Doitteau Cruz*, 190 DPR 979 (2014).

En la Opinión *per curiam* detallamos los hechos que llevaron a nuestra decisión. Hicimos constar que el 20 de marzo de 2014, el señor Doitteau Cruz nos cursó una comunicación en la cual notificó que el 14 de marzo de 2014 un Jurado lo encontró culpable por varios cargos de actos lascivos contra el menor de edad MAMS. Nos solicitó también que lo suspendiéramos provisionalmente, puesto que procedería a apelar el dictamen en su contra. Asimismo, adjuntó la resolución del Tribunal de Primera Instancia, Sala Superior de Mayagüez, donde se recoge su veredicto de culpabilidad. Véase Íd., págs. 980–981. Consecuentemente, el Procurador General acudió ante nosotros y nos solicitó la suspensión provisional del letrado, para que reservemos nuestra determinación final disciplinaria hasta tanto y en la eventualidad que adviniera final y firme la sentencia contra el señor Doitteau Cruz. Véase Íd., pág. 981.

En aquella ocasión concluimos que la conducta por la cual el señor Doitteau Cruz fue encontrado culpable constituía depravación moral. Como consecuencia de ello, acogimos la recomendación de la Procuraduría General, a saber, suspendimos provisionalmente al señor Doitteau Cruz de la abogacía y la notaría, impusimos el deber de efectuar la notificación debida a sus clientes de su inhabilidad de practicar la abogacía y le ordenamos al Alguacil General del Tribunal que incautara su obra notarial. Íd., pág. 982.

Posteriormente, mediante una *Moción informativa* de 3 de marzo de 2017, el Procurador General nos informó que el señor Doitteau Cruz no prosperó en su apelación ante el Tribunal de Apelaciones —*Pueblo v. Doitteau Cruz*, KLAN201400901 (TAPR) (30 de junio de 2015)— y que declaramos "no ha lugar" su petición de *certiorari* ante esta Curia mediante una Resolución de 6 de noviembre de 2015 y su subsiguiente solicitud de reconsideración mediante

una Resolución de 22 de enero de 2016. Por lo tanto, el Procurador General alegó que el dictamen en su contra advino final y firme. En razón de ello, el Procurador General nos solicitó que suspendiéramos indefinidamente al señor Doitteau Cruz de la abogacía y la notaría.

## II

Desde hace más de un siglo hemos utilizado las disposiciones de la Sec. 9 de la Ley de 11 de marzo de 1909 de manera complementaria a nuestra autoridad inherente para regular la profesión legal. La referida ley dispone la suspensión indefinida si una persona, siendo abogada, "fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral [...]". 4 LPRA sec. 735. Sobre el concepto *depravación moral*, hemos establecido que

> [...] "[l]a depravación moral, tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral.... En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias". (Corchetes en el original). *In re Boscio Monllor*, 116 DPR 692, 698 (1985).

Por otro lado, desde *In re Dubón Otero*, 153 DPR 829 (2001), hemos implementado un procedimiento consistente para disciplinar a los abogados que son declarados culpables de delitos que implican depravación moral. Véase G. Figueroa Prieto, *Ética y conducta profesional*, 84 Rev. Jur. UPR 803, 813–814 (2015). Así, al advenir en conocimiento de un fallo de culpabilidad contra un abogado activo, no lo suspendemos automáticamente, sino que, al contrario, le concedemos una oportunidad para que se exprese mediante una orden de mostrar causa. Si el abogado nos ex-

pone, al comparecer, que su condena no es final y firme porque la apelará, procede suspenderlo provisionalmente hasta tanto se conozca el resultado de la apelación y advenga final y firme su sentencia.[1] Si el fallo de culpabilidad contra el otrora letrado adviene final y firme, procede su suspensión indefinida de la profesión de la abogacía. Véase Figueroa Prieto, *supra*, pág. 814.

## III

Tal como concluimos cuando suspendimos provisionalmente al señor Doitteau Cruz en el 2014, los delitos graves por actos lascivos por los cuales se le encontró culpable implican depravación moral. *In re Doitteau Cruz*, supra, pág. 982. En aquella ocasión, solamente lo suspendimos provisionalmente porque el mismo abogado nos comunicó su intención de apelar el dictamen en su contra. Ahora, ante un veredicto de culpabilidad final y firme en su contra, procede tomar una acción disciplinaria definitiva. En consideración a lo anterior, debido a que los delitos por los cuales fue convicto implican su depravación moral, *decretamos la separación indefinida del señor Doitteau Cruz de la profesión de la abogacía y la notaría.*

*Se dictará Sentencia de conformidad.*

El Juez Asociado Señor Kolthoff Caraballo no intervino.

---

[1] Una sentencia es final una vez se archiva en autos copia de su notificación. Por otro lado, la sentencia adviene firme una vez transcurre el término para apelar el dictamen o se han agotado las posibilidades de apelarlo. Véase *In re Mercado Santaella*, 197 DPR 1032, 1080 (2017).