EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Rafael Doitteau Cruz<br>(TS-5827) | 2017 TSPR 81<br><br>198 DPR \_\_\_\_ |

Número del Caso: TS-5827

Fecha: 17 de mayo de 2017

Oficina del Procurador General:

      Lcdo. Joseph G. Feldstein Del Valle
      Subprocurador General

      Lcda. María del Ce. Ortiz Toral
      Procuradora General Auxiliar

Materia: Conducta Profesional – La Suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

| *In re* | | **Núm.** TS-5827 | |
|---|---|---|---|
| Rafael Doitteau Cruz | | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 17 de mayo de 2017.

Hoy nos corresponde suspender al Sr. Rafael Doitteau Cruz de la profesión de la abogacía de manera indefinida, puesto que ha recaído una sentencia final y firme en su contra por delitos graves que implican depravación moral.

**I.**

Mediante una Opinión *Per Curiam*, con fecha de 29 de abril de 2014, suspendimos provisionalmente al otrora licenciado, el señor Doitteau Cruz, de la profesión de la abogacía y la notaría, en tanto fue encontrado culpable de tres cargos graves de actos lascivos bajo el Art. 144 del Código Penal de 2004 y de un cargo grave de actos lascivos e impúdicos bajo el Art. 105-A del Código Penal de 1974. *Véase In re Doitteau Cruz*, 190 DPR 979 (2014).

En la Opinión *Per Curiam*, detallamos los hechos que llevaron a nuestra decisión. Hicimos constar que el 20 de marzo de 2014, el señor Doitteau Cruz nos cursó una comunicación en la cual notificó que el 14 de marzo de 2014, un jurado lo encontró culpable por varios cargos de actos lascivos en contra del menor de edad M.A.M.S. En ésta, también nos solicitó que lo suspendiéramos

provisionalmente, puesto que procedería a apelar el dictamen en su contra. Asimismo, adjuntó la resolución del Tribunal de Primera Instancia, Sala Superior de Mayagüez, donde se recoge su veredicto de culpabilidad. *Véase Id* en las págs. 980-81.

Consecuentemente, el Procurador General acudió ante nosotros y nos solicitó la suspensión provisional del letrado, para que reservemos nuestra determinación final disciplinaria hasta tanto y en la eventualidad que adviniera final y firme la sentencia contra el señor Doitteau Cruz. *Véase Id.* en la pág. 981.

Concluimos, en aquella ocasión, que la conducta por la cual fue encontrado culpable el señor Doitteau Cruz era constitutiva de depravación moral. A consecuencia de ello, acogimos la recomendación de la Procuraduría General, a saber: suspendimos provisionalmente al señor Doitteau Cruz de la abogacía y la notaría, impusimos el deber de efectuar la notificación debida a sus clientes de su inhabilidad de practicar la abogacía y le ordenamos al Alguacil General del Tribunal que incautara su obra notarial. *Id.* en la pág. 982.

Posteriormente, mediante una *Moción informativa* con fecha del 3 de marzo de 2017, el Procurador General nos informó que el señor Doitteau Cruz no prosperó en su apelación ante el Tribunal de Apelaciones, *Pueblo v. Doitteau Cruz*, KLAN201400901 (TAPR) (30 de junio de 2015), y que declaramos *no ha lugar* su petición de *certiorari* ante

esta Curia, mediante una *Resolución* con fecha de 6 de noviembre de 2015, y su subsiguiente solicitud de reconsideración, mediante una *Resolución* con fecha de 22 de enero de 2016. Por tanto, el Procurador General alegó que el dictamen en su contra advino final y firme. A razón de ello, el Procurador General nos solicitó que suspendiéramos indefinidamente al señor Doitteau Cruz de la abogacía y la notaría.

## II.

Desde hace más de un siglo, hemos utilizado las disposiciones de la Ley Núm. 9 del 11 de marzo de 1909 de manera complementaria a nuestra autoridad inherente para regular la profesión legal. La referida ley dispone para la suspensión indefinida si una persona, siendo abogada, "fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral". 4 LPRA sec. 735. Sobre el término depravación moral, hemos establecido que:

> [L]a depravación moral, tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral .... En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias. *In re* Boscio Monllor, 116 DPR 692, 698 (1985) (citas omitidas).

Por otro lado, desde *In re Dubón Otero I*, hemos implementado un procedimiento consistente para disciplinar abogados que son declarados culpables de delitos que implican depravación moral. 153 DPR 829 (2001); *véase* Guillermo Figueroa Prieto, *Ética y Conducta Profesional*, 84 Rev. Jur. UPR 803, 813-14 (2015). Así, al advenir en conocimiento de un fallo de culpabilidad en contra de un abogado activo, no lo suspendemos automáticamente. Al contrario, le permitimos una oportunidad para expresarse mediante una orden de mostrar causa. Si el abogado, al comparecer, nos expone que su condena no es final y firme, puesto que la apelará, procede suspenderlo provisionalmente hasta tanto se conozca el resultado de la apelación y advenga final y firme su sentencia.[1] De advenir final y firme el fallo de culpabilidad en contra del otrora letrado, procede su suspensión indefinida de la profesión de la abogacía. *Véase* Figueroa Prieto, *supra*, en la pág. 14.

**III.**

Como ya concluimos cuando suspendimos provisionalmente al señor Doitteau Cruz en el 2014, los delitos graves por actos lascivos por los cuales se le encontró culpable implican depravación moral. *In re Doitteau Cruz*, 190 DPR en

---

[1] Una sentencia es final una vez se archiva en autos copia de su notificación. Por otro lado, la sentencia adviene firme una vez transcurre el término para apelar el dictamen o se han agotado las posibilidades de apelarlo. *Véase In re Mercado Santaella*, 2017 TSPR 64, 197 DPR ___ (2017), en la pág. 59 n. 55.

la pág. 982. En aquella ocasión, solamente lo suspendimos provisionalmente porque el mismo abogado nos comunicó su intención de apelar el dictamen en su contra. Ahora, ante un veredicto de culpabilidad en su contra que ha advenido final y firme, procede tomar una acción disciplinaria definitiva. En consideración a lo anterior, debido a que los delitos por los cuales fue convicto implican su depravación moral, decretamos la separación indefinida del señor Doitteau Cruz de la profesión de la abogacía y la notaría.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael Doitteau Cruz                **Núm.** TS-5827


SENTENCIA

San Juan, Puerto Rico, a 17 de mayo de 2017

Por las razones expuestas en la Opinión *Per Curiam* que antecede, como ya concluimos cuando suspendimos provisionalmente al Sr. Rafael Doitteau Cruz en el 2014, los delitos graves por actos lascivos por los cuales se le encontró culpable implican depravación moral. *In re Doitteau Cruz*, 190 DPR en la pág. 982. En aquella ocasión, solamente lo suspendimos provisionalmente porque el mismo abogado nos comunicó su intención de apelar el dictamen en su contra. Ahora, ante un veredicto de culpabilidad en su contra que ha advenido final y firme, procede tomar una acción disciplinaria definitiva. En consideración a lo anterior, debido a que los delitos por los cuales fue convicto implican su depravación moral, decretamos la separación indefinida del señor Doitteau Cruz de la profesión de la abogacía y la notaría.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo