*In re* ÁNGEL L. TORRES LÓPEZ, querellado.

*Número:* CE-87-303    *Resuelto:* 29 de mayo de 1987

---

*Rafael Ortiz Carrión, Procurador General, Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El abogado Ángel L. Torres López fue admitido al ejercicio de la profesión legal el 11 de mayo de 1982. También fue autorizado para ejercer como notario.

Dicho abogado resultó convicto por el Tribunal de Distrito Federal para el Distrito de Puerto Rico por delitos graves que implican depravación moral. El Procurador General presentó querella contra el abogado para que, a tenor con lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735) y en virtud de la facultad inherente de este Tribunal para reglamentar la profesión de abogado, sea separado permanentemente de la profesión legal.

Surge de la copia certificada de la sentencia que acompaña la querella, que el abogado de epígrafe fue sentenciado el 15 de abril de 1987 por haber participado en actividades criminales y conspirar para cometer delito, en violación de las Secs. 1503, 1962(c) y (d) y 1963 del Tít. 18 del Código Penal de Estados Unidos, 18 U.S.C. secs. 1503, 1962(c) y (d) y 1963.

Este Tribunal ha resuelto que "[l]a depravación moral, tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. ... En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias". *Morales Merced* v. *Tribunal Superior*, 93 D.P.R. 423, 430 (1966); *In re Rivera Cintrón*, 114 D.P.R. 481, 491 (1983). En casos como el de autos, en que el abogado ha incurrido en conducta de la naturaleza antes descrita que implica depravación moral y que la ley reguladora del ejercicio de la abogacía dispone que la persona así convicta cesará "de ser abogado o de ser competente para la práctica de su profesión [y a] la presentación de una copia certificada de la sentencia", este Tribunal ordenará que se borre su nombre del Registro de Abogados. Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735).

Toda vez que se ha presentado copia certificada de la sentencia dictada por el Tribunal de Distrito Federal para el Distrito de Puerto Rico, y en virtud de lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, y de nuestra facultad inherente, *se decretará la separación inmediata del abogado Ángel L. Torres López del ejercicio de la abogacía y el notariado en Puerto Rico. Además, se*

*ordenará que su nombre sea borrado del Registro de Abogados autorizados para ejercer la profesión en esta jurisdicción, independientemente de que hubiere interpuesto recurso de apelación en relación con la antes mencionada convicción. In re Boscio Monllor, 116 D.P.R. 692 (1985).*

*Se ordenará también que se notifique a dicho abogado con copia de la querella presentada en su contra.*

*Se ordenará, además, al Alguacil General de este Tribunal que se incaute de los protocolos y registros de afidávit del mencionado abogado notario, se los entregue al Director de Inspección de Notarías para que sean examinados y nos informe los resultados de dicho examen.*

El Juez Asociado Señor Negrón García no intervino.