*In re* Bonilla Martínez, querellado.

*Número:* 5455 *Resuelto:* 26 de marzo de 1993

*Reina Colón de Rodríguez, Procuradora General Interina,* y *Rosemary Corchado Lorent, Subprocuradora General Auxiliar,* abogadas de El Pueblo.

El 10 de febrero de 1993 emitimos una resolución mediante la cual concedimos al Lcdo. José E. Bonilla Martínez el término de veinte (20) días para mostrar causa por la cual no debía ser suspendido de la práctica de la profesión de abogado por la falta de pago de la cuota anual del Colegio de Abogados de Puerto Rico. Se le apercibió que el incumplimiento con la resolución conllevaría la suspensión automática del ejercicio de la abogacía y podría dar lugar a sanciones disciplinarias adicionales.

Así las cosas, se trajo a la atención del Tribunal una orden emitida por el Tribunal de Distrito Federal para el Distrito de Puerto Rico en el caso *In the Matter of: José E.*

*Bonilla Martínez*, Misc. No. 92-0053, mediante la cual se suspendía a dicho abogado de la práctica de la profesión de abogado en la Corte de Distrito Federal. En dicha orden se expresa que el licenciado Bonilla Martínez fue sentenciado el 10 de marzo de 1992 a cumplir doscientos sesenta y cuatro (264) meses de cárcel por haber violado la sec. 846 del Título 21 del Código de Estados Unidos (conspiración y posesión con intención de distribuir una sustancia controlada), y que el 13 de agosto de 1992 fue sentenciado a cumplir ochenta y siete (87) meses de cárcel por violación a las secs. 841(a)(1) y 846 del Título 21 del Código de Estados Unidos (conspiración y posesión con intención de distribuir una sustancia controlada), a ser cumplidos de forma concurrente con la previamente impuesta. Concedimos un término al Procurador General para que nos remitiera unas copias certificadas de dichas sentencias (Criminal Case No. 90-370(cc) y Criminal Case No. 90-314(cc)).

El Procurador General nos ha sometido las copias certificadas y nos solicita que, a tenor con lo dispuesto en la Sec. 9 del Código Político, Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735), separemos al Lcdo. José E. Bonilla Martínez del ejercicio de la profesión legal.

 La conducta en que ha incurrido el licenciado Bonilla Martínez al violar las secs 841(a)(1) y 846 del Título 21 Código de Estados Unidos, *supra*, implica depravación moral. La ley reguladora del ejercico de la profesión de abogado dispone que la persona convicta por un delito que implique depravación moral cesará "de ser abogado o de ser competente para la práctica de su profesión [y a] la presentación de una copia certificada de la sentencia" este Tribunal ordenará se borre su nombre del Registro de Abogados de este Tribunal. 4 L.P.R.A. sec. 735. Véanse: *In re Boscio Monllor*, 116 D.P.R. 692 (1985); *In re Núñez López*, 115 D.P.R. 702 (1984).

En virtud de lo antes expuesto, *en conformidad con la Sec. 9 de la Ley de 11 de marzo de 1909, supra, procede que*

*se dicte sentencia separando permanentemente al Lcdo. José E. Bonilla Martínez del ejercicio de la profesión de abogado.*