*In re* JOHN MEDINA LUGO.

*Número:* 4068          *Resuelto:* 26 de octubre de 1993

I

PER CURIAM: John Medina Lugo fue admitido por este Tribunal al ejercicio de la abogacía el 3 de enero de 1973. Prestó juramento de notario el 2 de febrero de 1978.

El 13 de agosto de 1993 recibimos copias certificadas de la sentencia y orden del Tribunal de Distrito Federal para el Distrito de Puerto Rico (Hon. Juan M. Pérez Jiménez, Juez) expositiva en cuanto a que el licenciado Medina Lugo fue declarado culpable del delito de endosar falsamente un cheque federal. 18 U.S.C. sec. 510(a)(2).

II

Con vista a la naturaleza de esa convicción,([1]) al amparo de la Sec. 9 de la Ley de 11 de marzo de 1907 (4 L.P.R.A. sec. 735), y de nuestra facultad inherente para reglamen-

_____

([1]) Apeló a la Corte de Apelaciones de Estados Unidos para el Primer Circuito (No. 92–2425).

tar la profesión de abogado, decretamos su separación inmediata del ejercicio de la abogacía y notariado, y ordenamos que su nombre sea borrado del Registro de Abogados autorizados para ejercer en esta jurisdicción. *In re Bonilla Martínez,* 132 D.P.R. 1038 (1993); *In re Rúa Cabrer,* 132 D.P.R. 431 (1993); *In re Santiago Martínez,* 123 D.P.R. 359 (1989); *In re Dalmau Gómez,* 122 D.P.R. 360 (1980); *In re Malavé Ortiz,* 119 D.P.R. 492 (1987); *In re Zamot Pérez,* 119 D.P.R. 58 (1987); *In re Torres López,* 119 D.P.R. 55 (1987); *In re Boscio Monllor,* 116 D.P.R. 692 (1985).

Copia de la sentencia será notificada al Lcdo. John Medina Lugo.

El Alguacil General de este Tribunal se incautará de los protocolos y registros de afidavit y los entregará al Director de la Oficina de Inspección de Notarías para que sean examinados y nos informe, oportunamente, el resultado de dicha gestión.

*Se dictará la correspondiente sentencia.*