*In re* Víctor Alfredo Ramírez de Arellano Menéndez, querellado.

Número: 9179                    Resuelto: 23 de diciembre de 1996

*Edda Serrano Blasini, Subprocuradora General, Yvonne Casanova Pelosi, Procuradora General Auxiliar, y Carmen Cintrón Ferrer, Directora Ejecutiva del Colegio de Abogados de Puerto Rico, querellantes; Víctor Alfredo Ramírez de Arellano, pro se.*

PER CURIAM: El 18 de septiembre de 1996, Víctor A. Ramírez de Arellano Menéndez compareció ante nos, por derecho propio, y nos informó que deseaba renunciar al ejercicio de la profesión. Nos solicitó que le autorizáramos darse de baja como abogado y como notario en nuestra jurisdicción.

El 9 de octubre de 1996 compareció también el Colegio de Abogados de Puerto Rico y solicitó que autorizáramos la inactivación de Víctor A. Ramírez de Arellano Menéndez como miembro de esa institución.

El 11 de octubre de 1996, mediante Resolución, autorizamos la inactivación solicitada.

Así las cosas, el 21 de octubre de 1996 compareció el Procurador General de Puerto Rico y nos informó que el 27 de septiembre de 1996 Víctor A. Ramírez de Arellano Menéndez había hecho alegación de culpabilidad ante el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico por la comisión del delito grave de posesión de cocaína con intención de distribuirla. El Procurador General nos indicó, además, que la renuncia de la profesión que Ramírez de Arellano nos había presentado

> ... obedeció a las exigencias que formaron parte de las alegaciones pre-acordadas entre fiscalía y el acusado aquí querellado en el caso criminal antes mencionado. ... Nos preocupa que el

querellado convenientemente haya solicitado voluntariamente la renuncia de su práctica legal, y no haya expuesto las razones para ello, con motivo de evitar un procedimiento disciplinario que irremediablemente conduciría a su suspensión indefinida por haber incurrido en delito grave que envuelve depravación moral.

A la luz de lo anterior, el Procurador General nos solicitó que reconsideráramos nuestra determinación de 11 de octubre de 1996 y que abriésemos los correspondientes procedimientos disciplinarios.

El 29 de octubre de 1996 compareció el Colegio de Abogados y nos informó que cuando apoyaron el 9 de octubre de 1996 la solicitud de Ramírez de Arellano Menéndez de darse de baja del Colegio de Abogados, lo hicieron sin saber que ésta respondía a un acuerdo entre éste y la fiscalía federal con relación a la alegación de culpabilidad que había hecho Ramírez de Arellano por la comisión del delito grave de posesión de cocaína con intención de distribuirla. Nos informó el Colegio, además, lo siguiente:

La actuación del Lcdo. Víctor Alfredo Ramírez de Arellano Menéndez, omitiendo informar al Colegio de Abogados de Puerto Rico de este acuerdo y de los hechos que dan base al mismo, indujo a esta Institución y a la suscribiente, a erróneamente remitir al Tribunal Supremo de Puerto Rico su solicitud de renuncia voluntaria sin un examen en su fondo de las circunstancias que motivaban su solicitud, y a proceder con el trámite ordinario aplicable.

Al igual que el Procurador General, el Colegio de Abogados nos solicitó en dicha moción que reconsiderásemos de nuestra determinación de 11 de octubre de 1996.

El 1ro de noviembre de 1996 emitimos una Resolución mediante la cual le dimos término a Ramírez de Arellano Menéndez para mostrar causa, si alguna tuviera, por la cual no debíamos dejar sin efecto nuestra Resolución de 11 de octubre de 1996 y ordenar su suspensión indefinida de la profesión. El querellado compareció el 2 de diciembre de 1996. Resolvemos según lo intimado.

I

La Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735) dispone, entre otras cosas, lo siguiente:

La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuera, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados.

Al amparo de la referida disposición legal, invariablemente hemos desaforado a aquellos abogados convictos por un delito grave que implique depravación moral. *In re Fuentes Fernández*, 133 D.P.R. 548 (1993); *In re Rúa Cabrer*, 132 D.P.R. 431 (1992); *In re Ríos Ruiz*, 129 D.P.R. 666 (1991); *In re Dalmau Gómez*, 122 D.P.R. 360 (1988); *In re Malavé Ortiz*, 119 D.P.R. 492 (1987); *In re Zamot Pérez*, 119 D.P.R. 58 (1987); *In re Torres López*, 119 D.P.R. 55 (1987); *In re Ortiz Gilot*, 117 D.P.R. 167 (1986); *In re Boscio Monllor*, 116 D.P.R. 692 (1985).

En el caso de autos, Ramírez de Arellano Menéndez acepta que cometió el delito grave de posesión de cocaína con intención de distribuirla y que fue convicto por ello por el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico. Admite, además, que se trata de un delito que implica depravación moral. En vista de lo anterior, no tenemos otra alternativa que proceder conforme la ley y nuestros precedentes.

Por todo lo cual, *se dictará sentencia que deje sin efecto nuestra Resolución de 11 de octubre de 1996, y decretamos la separación inmediata e indefinida de Víctor A. Ramírez de Arellano Menéndez del ejercicio de la abogacía y del notariado en Puerto Rico.*

El Juez Asociado Señor Rebollo López no intervino.