EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: <br><br> Nelson Rodríguez López | 2003 TSPR 68 <br><br> 159 DPR _____ |
|---|---|

Número del Caso: TS-5391

Fecha: 9/abril/2003

Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 15 de abril de 2003, fecha en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nelson Rodríguez López

TS-5391

PER CURIAM

San Juan, Puerto Rico, a 9 de abril de 2003.

I

Nelson Rodríguez López fue admitido al ejercicio de la profesión de abogado en Puerto Rico el 29 de diciembre de 1976.

El 11 de marzo de 2003 la secretaría del Tribunal del Distrito Federal de Puerto Rico (Office of the Clerk) nos remitió el expediente del caso 01CR0164-01(JAG).

Según surge del expediente referido, el 26 de abril de 2001 Nelson Rodríguez López se declaró culpable del delito federal de **fraude bancario**. Aceptó haber violado la sección 1334 del título 18 del United States Code. El 7 de abril de 2002

Rodríguez López fue condenado a un término de cinco meses de prisión más un término adicional de tres años de sentencia suspendida sujeta a condiciones.

II

La sección 9 de la Ley de 11 de marzo de 1909. 4 L.P.R.A. sec. 735, dispone entre otras cosas, lo siguiente:

> "...La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados."

Al amparo de la referida disposición legal invariablemente hemos desaforado a aquellos abogados convictos de manera final y firme por la comisión de un delito grave que implique depravación moral. In re: Ramírez de Arellano, 142 D.P.R. 190 (1996); In re: Fuentes Fernández, 133 D.P.R. 548 (1993); In re: Rúa Cabrer, 132 D.P.R. 431 (1992); In re: Ríos Ruiz, 129 D.P.R. 666 (1991); In re: Dalmau Gómez, 122 D.P.R. 360 (1988); In re: Torres López, 119 D.P.R. 55 (1987); In re: Zamot Pérez, 119 D.P.R. 58 (1987); In re: Malavé Ortiz, 119 D.P.R. 492 (1987); In re: Ortiz Gilot, 117 D.P.R. 167 (1986); In re: Boscio Monllor, 116 D.P.R. 692 (1985).

En vista de la convicción referida en los párrafos anteriores, se decreta la separación inmediata de Nelson Rodríguez López del ejercicio de la abogacía y el notariado, y

se ordena que su nombre sea borrado del Registro de Abogados autorizados para ejercer en esta jurisdicción.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta días del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nelson Rodríguez López

TS-5391

SENTENCIA

San Juan, Puerto Rico, a 9 de abril de 2003.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se decreta la separación inmediata de Nelson Rodríguez López del ejercicio de la abogacía y el notariado, y se ordena que su nombre sea borrado del Registro de Abogados autorizados para ejercer en esta jurisdicción.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta días del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y los Jueces Asociados señores Corrada del Río y Rivera Pérez no intervinieron.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo