PER CURIAM.
The Florida Board of Bar Examiners (the Board) previously petitioned this Court to approve several proposed amendments to the Rules Relating to Admission to the Bar. The Florida Bar (the Bar) filed a response disagreeing with the method of implementation contemplated by one of the proposed amendments to article III. By order of May 13, 1986 we directed representatives from the Board and the Bar to meet and, if possible, issue a mutually agreeable proposal. The Board and the Bar have now filed a joint proposal dealing with the single amendment involved in our previous order; the Board also petitions for approval of the other initially proposed amendments.*
We approve the following amendments. The amendment to article VI, section 3(c) shall become effective with the administration of the February 1987 General Bar Examination. The other amendments shall become effective immediately.
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARRETT, JJ., concur.
Article III, Section 3
b. Following an investigative hearing, the Board shall determine:
(1) That the applicant has established his or her qualifications as to character and fitness; or
(2) That further investigation into the applicant’s character and fitness is warranted; or
(3) That Specifications be filed charging the applicant with matters which if proven would preclude a favorable finding by the Board.
c. In lieu of the filing of Specifications pertaining to drug, alcohol or psychological problems, the Board in exceptional cases may enter into a Consent Order with the applicant. In a Consent Order, the Board is authorized to recommend to the Court for admission the applicant who has agreed to abide by specified terms and conditions upon admission to The Florida Bar. If the Court accepts the Board’s recommendation, the Order of admission shall be made as set out in Article VII, Section l.b.
If the applicant is granted admission by the Court pursuant to a Consent Order, then the terms and conditions of the applicant’s admission shall be administered by The Florida Bar. The Board shall provide access to The Florida Bar of all information gathered by the Board on a conditionally admitted applicant except information received by the Board under a specific agreement of confidentiality or otherwise restricted by law. If the applicant shall fail to abide by the terms and conditions of admission, then The Florida Bar is authorized to institute such proceedings consistent with the Rules Regulating The Florida Bar as to revocation of the license issued to the applicant pursuant to the consent Order. The Board shall be notified of any disciplinary proceedings and shall have access to all information relating to the administration of a conditional admission, except information received by The Florida Bar under a specific agreement of confidentiality or otherwise restricted by law.
d.If Specifications are prepared and served upon an applicant, the applicant shall file an answer to the Specifications within 20 days from receipt of the Specifications. If an applicant fails to file an answer to the Specifications within such time or within any extension of that time allowed by the Board, the Specifications shall be deemed admitted and the Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to The Florida Bar. *916 e. After a timely answer to Specifications has been filed, the Board shall notify the applicant of the dates and locations available for the formal hearing on the Specifications and the applicant and the Board shall agree on a date and location for the hearing. If the applicant fails to agree on one of the dates and locations proposed by the Board, the Board shall set the date and location of the hearing. If the applicant, without good cause, fails to attend the formal hearing, the Specifications shall be deemed admitted and the Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to The Florida Bar.
f. Formal hearings held in response to Specifications shall be conducted before a quorum of the Board which shall consist of not less than five members. The weight to be given all testimony and exhibits received in evidence at a formal hearing shall be considered and determined by the Board. The Board is not bound by technical rules of evidence at a formal hearing. Following the conclusion of a formal hearing, the Board shall expeditiously make its findings of fact and conclusions of law which shall include one of the following:
(1) A recommendation that the applicant be admitted to The Florida Bar; or
(2) A recommendation that the applicant not be admitted to The Florida Bar; or
(3) After the filing of specifications and, in lieu of a recommendation that the applicant not be admitted to The Florida Bar based upon drug, alcohol or psychological problems, the Board in exceptional cases may make a recommendation that the applicant be conditionally admitted to The Florida Bar upon such terms and conditions as specified by the Board. If the Court accepts the Board’s recommendation, then the terms and conditions of the applicant’s admission shall be administered by The Florida Bar as provided in Section 3.c. above; or
(4) A recommendation that the applicant’s admission to The Florida Bar be withheld for a specified period of time not to exceed two years to allow the applicant to establish rehabilitation. At the end of the specified period of time, the Board shall recommend the applicant’s admission barring subsequent disclosure of matters adversely reflecting upon the applicant’s character or fitness.
The applicant shall be notified promptly by the Board of its findings of fact and recommendation, which action shall be subject to review by the Court as specified under Article III, Section 4.b.
g.If sufficient time has not passed since the occurrence of the behavior described in one or more of the Specifications sustained to permit the Board to determine whether the applicant has established his or her qualifications and what recommendations the Board would make to the Supreme Court of Florida, the Board may petition the Supreme Court of Florida for a reasonable extension of time for further investigation, not to exceed one year after the conclusion of the formal hearing. If an extension is granted, the Board may continue its investigation or otherwise acquire such additional information as is needed to permit it to make its final decision. The applicant shall be notified of any petition for extension and shall be given an opportunity to show cause why the extension should not be granted.
Article V, Section 17
Section 17. Upon a showing of actual or anticipated extraordinary expenditures by the Board, the Court may order any applicant or registrant to pay over to the Board additional sums including Board attorney’s fees or compensation necessary in the conduct of an inquiry and investigation into the character and fitness and general qualifications of such applicant or registrant including the procurement and presentation of evidence and testimony at a formal hearing held in response to Specifications.
Article VI, Section 3c
c. The Florida Bar Examination shall consist of a General Bar Examination and *917 the Multistate Professional Responsibility Examination (MPRE).
The General Bar Examination shall be designated as Part A and Part B and shall be administered only within the State of Florida.
Part A shall be of six hours’ duration and shall be composed of six one-hour segments to be promulgated by The Florida Board of Bar Examiners.
One segment shall embrace the subject of Florida Rules of Civil and Criminal Procedure. Another segment shall embrace the subject of Florida Constitutional Law. The remaining four segments, each of which shall embrace no more than two subjects, shall be selected from the following subjects including their equitable aspects:
Federal Constitutional Law
Business Entities Including Corporations and Partnerships
Wills and Administration of Estates Trusts
Real Property
Evidence
Torts
Criminal Law
Contracts
Family Law
Part B shall consist of the Multistate Bar Examination (MBE) which is that examination offered to the several states by the National Conference of Bar Examiners and designated by that organization as the Multistate Bar Examination (MBE); provided, however, that scores achieved by applicants on the Multistate Bar Examination administered by an admitting jurisdiction other than the State of Florida shall not be transferred to or recognized by the Board. The Multistate Professional Responsibility Examination (MPRE) shall be the examination offered to the several states by the National Conference of Bar Examiners designated by that organization as the Multi-state Professional Responsibility Examination (MPRE), which examination is administered generally three times each year throughout the country at various colleges and universities selected by the National Conference of Bar Examiners and its desig-nee.
Article VI, section 9
Section 9.a. An applicant must successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) within 25 months of the date of the administration of any part of the examination which is passed. Should an applicant fail to pass all parts within 25 months of first passing any part, passing score(s) of individual parts older than 25 months are deleted.
Article VII, section 2
Section 2. If, within 12 months of admission of an applicant to The Florida Bar, the Board determines that a material misstatement or material omission in the application process of such applicant may have occurred, then the Board may conduct an investigation and hold hearings. After investigation and hearings, the Board may make findings and recommendations as to revocation of any license issued to such applicant and shall file any such findings with the Supreme Court of Florida for final determination by the Court.
RULES REGULATING THE FLORIDA BAR
l-3.2(b) The Supreme Court of Florida may admit a person with a prior history of drug, alcohol or psychological problems to active membership in The Florida Bar and impose conditions of probation as the Court deems appropriate upon that member. The period of probation shall be no longer than three years, or for such indefinite period of time as the Court may deem appropriate by conditions in its order. The conditions may include, but not be limited to: participation in a rehabilitation program, periodic blood and urine analysis, periodic psychological examinations or supervision by another member of The Florida Bar. The probation shall be monitored by The Florida Bar and the costs thereof shall be paid by the member on probation. A failure to observe the conditions of the probation or a finding of probable cause as to conduct of the mem *918 ber committed during the period of probation may terminate the probation and subject the member to all available grievance procedures under the Rules of Discipline.

 Included in the joint proposal and approved by us today is a new rule for the Rules Regulating The Florida Bar. In our opinion released on July 17, 1986 we approved rule 1-3.2. That rule will now become l-3.2(a) and the new rule set forth herein will be l-3.2(b).