*In re* VÍCTOR GÓMEZ MORALES, querellado.

*Número:* CP-89-94      *Resuelto:* 23 de junio de 1989

*Norma Cotti Cruz, Subprocuradora General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogadas de El Pueblo; *Víctor Gómez Morales, pro se.*

PER CURIAM: El 16 de febrero de 1989 el Procurador General presentó querella contra el abogado notario Víctor Gó-

mez Morales al indicar que éste fue encontrado culpable, convicto y sentenciado a cumplir una pena de dos (2) años de prisión bajo el régimen de sentencia suspendida por violación al Art. 404(a) de la Ley de Sustancias Controladas de Puerto Rico (en adelante Ley de Sustancias Controladas), Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 L.P.R.A. sec. 2404(a). Acompañó con la querella copia certificada de la sentencia. Expresó, además, que por la naturaleza de la convicción y en consideración a la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735), que dispone que "[l]a persona que siendo abogado fuere convicta de un delito grave . . . que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión", se decretase la inmediata separación del licenciado Gómez Morales del ejercicio de la abogacía y del notariado, y se borrase su nombre del Registro de Abogados. Citó, en amparo de esta contención, el caso *In re Santiago Casanova*, 122 D.P.R. 489 (1988).

El 29 de marzo del año en curso el licenciado Gómez Morales contestó la querella aceptando los hechos y levantando como defensa que la sentencia estaba siendo apelada, y que en su opinión, por las distintas razones expresadas en la contestación, estimaba que ésta sería revocada. Arguyó, además, que el caso *In re Santiago Casanova*, supra, no era de aplicación, ya que en ese caso el licenciado Santiago Casanova había hecho alegación de culpabilidad y la sentencia no había sido apelada. Indicó, también, que no estaba postulando para no afectar a algún ciudadano con la representación legal suya, ya que tenía en su contra una acusación y convicción por delito grave. Continuó expresando que el presente caso lo había afectado física y emocionalmente.

El 20 de abril de 1989 emitimos la resolución siguiente:

Hemos examinado el expediente criminal Núm. G86-2668, *Pueblo v. Víctor Gómez Morales*, y del mismo surge que el 5 de agosto de 1988, el licenciado Víctor Gómez Morales fue sen-

tenciado por infracción al Artículo 404 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2101 *et seq.*]. De dicho expediente también surge que en el 1973, el licenciado Gómez Morales gozó del beneficio que provee el Artículo 404(b)[(1)] de la Ley de Sustancias Controladas, [*supra*]. Tomando en consideración los hechos antes expuestos, muestre causa el licenciado Gómez Morales, dentro de un término de veinte (20) días, contados a partir de la notificación de esta resolución, por la cual no deba ser disciplinado como abogado, por haber violado los Cánones de [É]tica Profesional, en especial el Preámbulo de los mismos. El licenciado Gómez Morales también deberá expresarse sobre si su convicción por infracción al Artículo 404 de la Ley de Sustancias Controladas, *supra*,] implica depravación moral, a tenor con lo dispuesto en la Sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735[;] *In re Boscio Monllor*, 116 D.P.R. 692 (1985).

El licenciado Gómez Morales compareció y, luego de reiterar que entendía que la sentencia sería revocada, expresó en relación con lo ocurrido hace dieciséis (16) años (en el 1973) que esto fue una conducta aislada y que entre esta situación y la actual medió "arrepentimiento y rehabilitación, pero lamentablemente también hubo recaída". Moción, pág. 2. Entiende que la convicción por infracción al Art. 404(a) de la Ley de Sustancias Controladas, *supra*, no implica depravación moral. Catalogó su condición como una enfermedad crónica de adicción a una sustancia controlada (heroína) que no debe implicar depravación moral. Expresó que "[q]uizás, actuó irresponsablemente con relación a su condición . . . [y que] no está postulando en los tribunales del país, para evitar que de ninguna manera se pueda afectar la profesión de abogado ni ningún ciudadano, por razón de lo ocurrido . . . [y que] le ha afectado mucho emocionalmente su presente situación, con relación a todo lo ocurrido por causa de su [enfermedad] de adicción". Íd., pág. 3.

Estamos de acuerdo con el licenciado Gómez Morales en que el caso *In re Santiago Casanova*, supra, no es de aplicación. En dicho caso el entonces licenciado Santiago Casanova

se declaró culpable y fue convicto por violar los Arts. 403(c), 404 y 406 de la Ley de Sustancias Controladas, 24 L.P.R.A. secs. 2403(c), 2404 y 2406. En relación con la violación al Art. 406, *supra*, al ex licenciado Santiago Casanova se le acusó de "ilegal, voluntaria, maliciosa y a sabiendas con intención criminal, actuando en concierto y común acuerdo [conspirar con Héctor Santiago Santiago y José Sáez Acevedo, c/p Cheo] con el propósito de distribuir la cantidad de seis (6) kilos de la sustancia controlada conocida por cocaína, sin ser personas autorizadas para ello, por la cantidad de ciento sesenta y dos mil dólares ($162,000.00)". De otra parte, en cuanto a la violación al Art. 403(c), *supra*, se le imputó que "ilegal, voluntaria, maliciosa, a sabienda[s] con intención criminal, utilizó el teléfono 793–0906, como medio de comunicación[,] para facilitar una transacción de la sustancia controlada conocida como cocaína sin ser persona autorizada para ello". En cuanto a la violación al Art. 404 de la Ley de Sustancias Controladas, *supra*, según enmendada, originalmente se le acusó por violación al Art. 401 de la misma ley, 24 L.P.R.A. sec. 2401. Se le imputó que "ilegal, voluntaria, maliciosa[,] a sabiendas, con intención criminal y actuando en concierto y común acuerdo [con José Sáez Acevedo c/p Cheo] distribuyeron la sustancia controlada cocaína sin estar autorizado para ello". Este delito se rebajó a infracción al Art. 404(a) de la Ley de Sustancias Controladas, *supra*, según enmendada, y el ex licenciado Santiago Casanova se declaró culpable.

Como podrá observarse, los hechos en el caso *In re Santiago Casanova*, supra, se referían a convicciones por la distribución de la sustancia controlada conocida por "cocaína". En el caso del licenciado Gómez Morales, los hechos reflejan que a éste se le encontró culpable sólo por la posesión de sustancias controladas. No cabe duda que la distribución de sustancias controladas (cocaína) en el caso del ex licenciado Santiago Casanova implica depravación moral y

está comprendida dentro de las disposiciones de la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*. La mera posesión de sustancias controladas sin que estén presentes otras circunstancias agravantes o indicativas de depravación moral, no está cubierta por la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*.

Sin embargo, al aceptar el licenciado Gómez Morales que padece de una condición crónica de adicción a una sustancia controlada conocida por heroína, que no postula ante los tribunales para evitar que de manera alguna se pueda afectar la profesión de abogado y a alguna persona, y que su condición de adicción le ha afectado mucho emocionalmente, se le suspende temporeramente del ejercicio de la profesión de abogado y notario. Se ordena, además, al Procurador General que inicie los procedimientos al amparo de la Regla 13.1 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A, para determinar si la condición de adicción crónica a una sustancia controlada del licenciado Gómez Morales lo incapacita para ejercer la profesión de abogado y notario. Se ordena, además, la incautación de los protocolos.

Se nombra al Lic. Enrique Rivera Santana para que, en calidad de Comisionado Especial, lleve a cabo el procedimiento establecido por la Regla 13.1 del Reglamento del Tribunal Supremo, *supra*.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Negrón García concurre con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López y el Juez Asociado Señor Ortiz no intervinieron.