que la Ley Electoral de Puerto Rico es constitucional al requerir que los electores en Puerto Rico sean ciudadanos de Estados Unidos; sin embargo, disentimos de la errónea decisión de la mayoría al eximir al recurrido de cumplir con los requisitos de dicha ley.

*In re* C.R.R.

*Número:* EM-97-3          *Resuelto:* 21 de noviembre de 1997

C.R.R., peticionario, *pro se; Belén M. Guerrero Calderón*, Presidenta de la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía.

PER CURIAM:

# I

C.R.R. es un aspirante al ejercicio de la abogacía que aprobó la reválida en marzo de 1997. En la declaración informativa sometida a la Junta de Aspirantes al Ejercicio de la Abogacía, C.R.R. indicó bajo juramento que en más de una ocasión había sido convicto por conducir vehículos de motor en estado de embriaguez.

Conforme es la costumbre y norma de la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía (en adelante la Comisión), se le citó para una entrevista informal, una vez aprobó el examen de reválida. En la entrevista manifestó a los comisionados ser alcohólico.

Posteriormente, se realizó una investigación adicional en el vecindario y en los lugares de trabajo donde C.R.R. se había desempeñado con anterioridad. Ésta reveló que había trabajado por un período de tiempo considerable e ininterrumpido, a pesar de su edad y de sus estudios. Tras dichos hallazgos, la Comisión estimó innecesaria una evaluación psiquiátrica para confirmar su estabilidad previa al ejercicio de la abogacía.

Completada la evaluación correspondiente, la Comisión le recomendó al Tribunal que se condicionara la admisión de C.R.R. al ejercicio de la abogacía.[1] En su informe, la

---

[1] Resulta importante señalar que el aspirante manifestó a la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía (en adelante la Comisión) *no*

Comisión concluyó que C.R.R. demostró tener una legítima preocupación por su enfermedad, un marcado interés por su rehabilitación y por ayudar a otros compañeros abogados que sufran la enfermedad de alcoholismo. Por lo tanto, estimó que se le debía permitir ejercer la abogacía, sujeto a que recibiera tratamiento a través del programa especial que tenía el Colegio de Abogados de Puerto Rico para sus miembros con el mismo problema.

Además debía notificar periódicamente a la Comisión y al Tribunal las gestiones realizadas a tal efecto mediante certificaciones periódicas de las organizaciones y/o de los profesionales de la salud que le ofrezcan tratamiento y seguimiento.

## II

Nuestro poder inherente para regular la profesión legal conlleva la enorme responsabilidad de velar porque los candidatos que vayan a ejercer la profesión estén capacitados y sean aptos para cumplir fiel y cabalmente las serias responsabilidades que entraña la abogacía. "La admisión al ejercicio de la abogacía es asunto delicado, revestido de profundo interés público." *In re Franco Soto*, 115 D.P.R. 740, 754 esc. 2 (1984).

Por esta razón, en protección del público, de la eficiente administración de la justicia y de la mejor imagen pública de la profesión legal, es necesario que los aspirantes demuestren a la Junta de Aspirantes al Ejercicio de la Abogacía, adscrita a este Tribunal, que poseen el carácter moral adecuado y la aptitud idónea (*character and fitness*) que los habilitan para el ejercicio de tan delicada profesión. Así lo reconocen la Sec. 1(1) de la Ley Núm. 17 de 10 de

---

*tener objeción* a que se condicionara su admisión a recibir tratamiento para su enfermedad. Manifestó, incluso, gran interés en ayudar a otros abogados que la sufran también de la misma enfermedad.

junio de 1939, según enmendada, 4 L.P.R.A. sec. 721(1),[2] y nuestro Reglamento.[3]

Al hablar de carácter nos referimos esencialmente a los atributos de honestidad e integridad con que una persona se guía en sus relaciones y actuaciones con los demás; así como también a aquellos patrones de conducta que puedan reflejar su sentido de justicia y respeto hacia los derechos de sus semejantes y hacia las leyes.[4] Por otro lado, por aptitud nos referimos a la competencia y habilidad, tanto física como mental, que capacitan a una persona para practicar la abogacía.

En el contexto de las personas admitidas a la abogacía, hemos considerado la adicción a sustancias controladas como una condición que amerita la suspensión del ejercicio de la profesión. *In re Gómez Morales*, 124 D.P.R. 383 (1989). También hemos reconocido que una condición de adicción crónica podría llegar a incapacitar a un abogado para ejercer la profesión, conforme a la Regla 15 del nuevo Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XX-A (antigua Regla 13.1). *In re Gómez Morales*, supra, pág. 387.

---

[2] Para postular como abogado ante los tribunales se exige "[s]er ... de intachable conducta moral y reputación y dignos de ser admitidos al ejercicio de la abogacía". 4 L.P.R.A. sec. 721. Dicha sección, además, dispone que el Tribunal Supremo determinará mediante reglamento la forma en que se investigará, evaluará y determinará si el candidato cumple con este requisito.

[3] De conformidad con el aludido reglamento, una vez se aprueba el examen de reválida se refiere cada caso a la Comisión para que determine, luego de la investigación correspondiente, si el candidato es acreedor a un certificado acreditativo de buena reputación. Regla 12(c) del Reglamento del Tribunal Supremo de 1ro de mayo de 1996 (4 L.P.R.A. Ap. XXI-A).

La Comisión es el organismo encargado de evaluar, investigar y determinar el carácter y la reputación de todo aspirante al ejercicio de la abogacía. Reglamento de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, 4 L.P.R.A. ant. Ap. XVII-A.

[4] Puede acudirse a los casos que interpretan la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 738), sobre el ejercicio de la abogacía, respecto a las circunstancias indicativas de depravación moral en un abogado.

## III

El alcoholismo o la dependencia del alcohol ha sido generalmente reconocida como una *enfermedad* que incluye fenómenos genéticos y sicosociales, y necesita de tratamiento o de algún tipo de terapia. D.H. Angres, *The Disease of Chemical Dependency*, 63 (Núm. 1) The Bar Examiner 6 (1994).([5]) Véanse: C.A. Anderson, B. Reddy y D.H. Angres, *Chemical Dependency: Recognition, Intervention, Treatment and Recovery*, 63 (Núm. 3) The Bar Examiner 21 (1994); *Treatment of Alcoholism —Part I*, 66 (Núm. 2) The Bar Examiner 5 (1997); *Treatment of Alcoholism— Part II*, 66 (Núm. 3) The Bar Examiner 36 (1997); *Frasher v. West Virginia Board of Law Examiners*, 408 S.E.2d 675, 683 (1991), y las fuentes allí citadas; *In re Haukebo*, 352 N.W.2d 752, 754 (1984).

Al enfrentarnos a una situación como la de autos, en la que el propio aspirante reconoce su dependencia al alcohol, hemos de ser particularmente cuidadosos. El tratamiento que se vaya a brindar debe depender del historial previo y de las circunstancias particulares de cada caso. Si, por ejemplo, nos encontramos frente a una persona cuyo comportamiento revela buena conducta y reputación, capaz de controlar su adicción mediante consejería, abstinencia o cualquier otro recurso, nos inclinaríamos a sostener que la condición de alcoholismo per se no implica que carece de la capacidad, aptitud o competencia necesarias para ejercer la abogacía. Si por el contrario refleja que la enfermedad afecta su capacidad para desempeñarse,

---

([5]) Este artículo ofrece la definición brindada por la American Society of Addiction Medicine y el National Council on Alcoholism and Drug Dependency:

" 'El alcoholismo es una enfermedad primaria crónica, en cuyas manifestaciones y desarrollo influyen factores genéticos, psicosociales y ambientales. La enfermedad es también progresiva y, con frecuencia, mortal. Se caracteriza por la incapacidad continua y periódica de controlar el consumo de bebidas alcohólicas, preocupación por la droga llamada alcohol, consumo de alcohol, a pesar de las consecuencias adversas, y distorsión en la capacidad de pensar —particularmente, negación'." (Traducción nuestra.) D.H. Angres, *The Disease of Chemical Dependency*, 63 (Núm. 1) The Bar Examiner 6 (1994).

procedería denegar su solicitud. Repetimos, se trata de una cuestión bien delicada, que merece ser evaluada cautelosamente y de manera individual.([6])

Otras jurisdicciones, a manera de excepción, han adoptado la admisión condicional y la admisión provisional. Esta práctica ha sido utilizada mayormente en casos marginales en que se haya estimado que la admisión no causará riesgos indebidos de daños a los clientes, a la profesión ni a los tribunales. La Comisión o la entidad designada para emitir la recomendación debe quedar convencida de que el candidato en cuestión sea elegible para una admisión de esta naturaleza.

De ordinario, una admisión condicional implica conceder la licencia para practicar la profesión, sujeto al cumplimiento de ciertas condiciones, temporales o permanentes, que dependerán del caso particular de que se trate. Se le admite si accede a observar determinados requisitos, que variarán de acuerdo con las circunstancias particulares del caso, durante un período de tiempo, de estimarse apropiado, que también oscilará según la situación implicada. Si el abogado así admitido viola alguna de las condiciones preestablecidas, su licencia podría ser revocada o suspendida. En casos de licencias provisionales o sujetas a condiciones temporales, si culmina el "periodo probatorio" sin haber incumplido las condiciones, se emite una licencia permanente.

Típicamente, la admisión condicional de un candidato alcohólico le requiere cumplir condiciones tales como: no ingerir alcohol, someterse a tratamiento, consultar con un psiquiatra, participar de algún programa de rehabilita-

---

([6]) Respecto a lo anterior, manifiesta un comentarista del tema:

" 'El alcoholismo en sí no produce incapacidad para ejercer la abogacía.

"Las manifestaciones del alcoholismo, que incluyan actos de naturaleza criminal o que creen una preocupación razonable sobre la capacidad de un aspirante para representar clientes de forma efectiva y ética, son factores importantes para determinar la capacidad del aspirante para ejercer la profesión." (Traducción nuestra.) J. Braun, *Some Thoughts on Alcoholism and Admission to the Bar*, 57 (Núm. 2) The Bar Examiner 7 (1988).

ción, unirse a algún grupo de apoyo, someterse a pruebas periódicas de sangre u orina, supervisión por alguna persona o entidad que represente al Colegio de Abogados del estado, reportar periódicamente su estatus a través del encargado de su supervisión o seguimiento, someter periódicamente declaraciones juradas, prohibición de ejercer por su cuenta, y requerir su residencia en el estado en cuestión, en aras de facilitar el seguimiento. J.C. Clarke, *Conditional Admission of Applicants to the Bar: Protecting Public and Private Interest*, 64 (Núm. 2) The Bar Examiner 53, 63–64 (1995), citando algunas de las condiciones que se han impuesto en Florida.

En Puerto Rico, al igual que en la mayoría de los estados norteamericanos, no existe como tal un programa formal que regule las admisiones condicionales de los aspirantes al ejercicio de la profesión de la abogacía.[7] Sin embargo, con carácter de flexibilidad, la Regla 5 del Reglamento de la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía, 4 L.P.R.A. ant. Ap. VII-A, le confiere a dicha comisión facultad suficiente para pautar aquellos asuntos no previstos, mediante la adopción de las medidas administrativas necesarias para su mejor funcionamiento. A su amparo, la Comisión puede recomendarnos, en casos apropiados, la admisión condicional de un aspirante sujeto a aquellas condiciones temporeras o permanentes que estime convenientes. Dichas condiciones, claro está, deben estar razonablemente relacionadas con

---

[7] Florida fue el primer estado en desarrollar un programa de admisión condicional a la práctica de la abogacía. Véanse: Enmiendas a las Reglas del Tribunal Supremo relacionadas con la Admisión a la Profesión; *Petition of Fla. Bd. of Bar Examiners*, 498 So. 2d 914 (1986), según enmendada *en Amend. to Rules Re Admission to the Bar*, 695 So. 2d 312, 335, 338, 339 (1997). Para una relación general sobre el tratamiento que se brinda a este tipo de casos en otros estados de los Estados Unidos. Véase J.C. Clarke, *Conditional Admission of Applicants to the Bar: Protecting Public and Private Interests*, 64 (Núm. 2) The Bar Examiner 53, 63–66 (1995).

En Puerto Rico, está pendiente de aprobación un nuevo reglamento para la Comisión en el cual se dispone la admisión de un aspirante al ejercicio de la abogacía por un período provisional, que no excederá de dos (2) años. Regla 2(d)(2) del Borrador del Reglamento de la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía, Tribunal Supremo de Puerto Rico, 1997.

las circunstancias particulares del caso de que se trate. Véase *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239 (1957).

■ Asimismo podría recomendar la admisión provisional del candidato, sujeto a posteriores evaluaciones de sus ejecutorias. En los casos de condiciones temporales y de admisiones provisionales, transcurrido el término previsto, la Comisión emitirá una recomendación final y, luego de pasar juicio sobre dicha recomendación, el Tribunal dispondrá lo que en derecho proceda con respecto a la concesión de una licencia permanente para ejercer la profesión.

■ El esquema previsto para el funcionamiento y desempeño de la Comisión contiene los mecanismos necesarios para brindar la oportunidad al aspirante de poner a la Comisión en posición de adoptar una decisión informada, tales como entrevistas personales, vistas y la juramentación y recepción de prueba, entre otros. Reglas 2(a)(2), 2(c), y 1(b) del Reglamento de la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía de 2 de mayo de 1983, respectivamente. Establece que "[e]l peso de probar el buen carácter y reputación, así como las cualificaciones morales para ejercer la profesión, recaerá sobre el aspirante". Regla 2(c)(3) del Reglamento, *supra*, págs. 5–6.

■ Sobre la ejecución y verificación de las condiciones impuestas, en la actualidad el Colegio de Abogados de Puerto Rico cuenta con la Comisión de los Asuntos del Abogado que está encargada de proveer ayuda a los abogados que voluntariamente acudan a solicitarla, a través de psicólogos, psiquiatras y otro personal médico. Precisamente, dicho personal trata con desórdenes de conducta y problemas como la adicción a sustancias controladas y al alcohol, entre otras circunstancias que puedan aquejar al profesional del Derecho.

■ La Comisión de los Asuntos del Abogado puede trabajar en conjunto con la Comisión en el seguimiento de

aquel candidato que, por excepción, sea admitido condicionalmente al ejercicio de la profesión. El caso ante nos es un buen comienzo.

Conscientes y preocupados por el alto consumo de alcohol en la sociedad puertorriqueña y, a su vez, por que los ciudadanos reciban una representación adecuada y responsable de parte de la profesión legal, coincidimos y endosamos la recomendación de la Comisión.

A la luz de lo expuesto, *aprobamos la admisión del aspirante C.R.R. al ejercicio de la profesión, sujeta a las condiciones siguientes*:

(1) Una vez juramentado, deberá comparecer a la Comisión de los Asuntos del Abogado del Colegio de Abogados de Puerto Rico para solicitar orientación sobre los recursos disponibles en la comunidad para tratar su enfermedad.

(2) Cada seis meses C.R.R. deberá informar a la Comisión de Reputación, de la manera en que ésta lo estime apropiado y conveniente, sobre el tratamiento recibido y las gestiones realizadas.

(3) Anualmente deberá someter a la Comisión de Reputación una Certificación de un profesional de la salud, de la Comisión de los Asuntos del Abogado del Colegio de Abogados o de una institución, donde conste su tratamiento o seguimiento.

(4) Anualmente la Comisión de Reputación someterá un informe al Tribunal sobre el tratamiento recibido y las gestiones realizadas por C.R.R. Podrá hacer otra recomendación al Tribunal acorde con la situación imperante y con el cumplimiento de esta decisión por parte del peticionario.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López no intervino.