EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Administración de la Reválida y Admisión Provisional para Ejercer la Abogacía bajo Supervisión | 2020 TSPR 83<br><br>204 DPR _____ |

Número del Caso:  ER-2020-06

Fecha:  17 de agosto de 2020

Materia:  Resolución del Tribunal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Administración de la
Reválida y Admisión
Provisional para Ejercer la
Abogacía bajo Supervisión

ER-2020-06

RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de agosto de 2020.

Este Tribunal está consciente de la incertidumbre que ha provocado la pandemia del COVID-19 en Puerto Rico, particularmente entre los y las estudiantes graduadas de las Escuelas de Derecho. Las Reválidas de Derecho pautadas para marzo fueron canceladas. La celebración de las próximas reválidas dependerá de que las circunstancias de salubridad permitan una administración de estos exámenes de manera segura tanto para los y las aspirantes como para el personal de la Rama Judicial que colabora en su administración. Como cuestión de hecho, se ha determinado que la Reválida General que se administrará en septiembre de este año, será de un día.

Las alternativas que brindamos a los aspirantes que confrontan el reto de ingresar a la profesión y dar inicio a sus carreras profesionales en medio de esta pandemia es una decisión ponderada -en consulta con organizaciones como el *National Conference of Bar Examiners*- y luego de evaluar concienzudamente las medidas adoptadas por otras jurisdicciones que, como Puerto Rico, intentan atender adecuadamente las novedades y retos que nos impone la situación mundial. De esta manera, le brindamos una alternativa tanto al aspirante que desee tomar el examen

presencial, como al aspirante que no desee o no pueda tomar el examen que se administrará en septiembre.

Somos conscientes de que la cancelación de la reválida de marzo y la posposición o cancelación de la reválida de septiembre limita el potencial de las personas aspirantes de encontrar empleo y procurarse una fuente de ingreso en tiempos de tanto reto. Por eso, contemplamos otra alternativa que permite que los recién graduados obtengan una experiencia práctica bajo la tutela de profesionales del Derecho dispuestos y dispuestas en servir de mentores, mientras estos aspirantes están en posición de tomar la próxima reválida a ser administrada por la Junta Examinadora.

A la luz de lo anterior, es nuestra intención proveer un mecanismo que ayude a mitigar el efecto de esta pandemia en el proceso de admisión a la abogacía de las personas recién graduadas, mientras ejercemos nuestra responsabilidad de proteger al público mediante la promoción de servicios legales de calidad.

Al amparo del poder inherente de este Tribunal para regular la admisión al ejercicio de la abogacía y la notaría, resolvemos hacer extensivas las disposiciones de la Regla 12(g) del Reglamento del Tribunal Supremo de Puerto Rico (el Reglamento), relacionada al ejercicio de la abogacía por estudiantes de Derecho, 4 LPRA Ap. XXI-B R. 12, que sean compatibles con lo establecido en esta Resolución, a los fines de autorizar la admisión provisional a la práctica supervisada de la abogacía a las personas aspirantes recién graduadas bajo los términos y condiciones siguientes:

I.     **Requisitos para solicitar la admisión provisional**

A) La persona aspirante debe:

   1) haber obtenido el grado de *Juris Doctor* entre diciembre de 2019 y julio de 2020 de una Escuela de Derecho acreditada por la *American Bar Association* (ABA),

   2) haber sido admitida a la Reválida de Derecho general de marzo de 2020 o de septiembre de 2020, ofrecida por la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría (Junta Examinadora),

   3) ser mayor de edad, y

4) gozar de buena reputación.

B) El abogado o la abogada que supervisará a la persona aspirante debe:

1) estar admitido o admitida a la profesión de la abogacía en Puerto Rico,

2) haber ejercido la abogacía ininterrumpidamente durante los cinco (5) años previos a la solicitud de práctica supervisada,

3) gozar de buena reputación, y

4) cumplir con los requisitos del Programa de Educación Jurídica Continua,

El abogado o la abogada que supervisará a la persona aspirante no podrá:

1) haber recibido una sanción disciplinaria por conducta profesional indebida o estar sujeto o sujeta a un proceso disciplinario ante este Tribunal o cualquier otra jurisdicción.

2) supervisar a una persona aspirante si mantiene con esta una relación de parentesco dentro del tercer grado de consanguinidad o segundo grado de afinidad.

## II. **Procedimiento para solicitar la admisión provisional**

A) La persona aspirante y el abogado supervisor o la abogada supervisora deberán presentar conjuntamente en la Secretaría de este Tribunal una solicitud de admisión provisional para ejercer la abogacía bajo supervisión junto con los documentos requeridos en esta Resolución. Se tramitará mediante la presentación del formulario Solicitud de Admisión Provisional para Ejercer la Abogacía Bajo Supervisión.

B) En la solicitud, el abogado supervisor o la abogada supervisora certificará que cumple con los requisitos del inciso I(B) de esta Resolución y se comprometerá a supervisar y aconsejar a la persona aspirante en todo momento durante la prestación de los servicios legales y se responsabilizará de la conducta y del buen proceder de su supervisado o supervisada.

C) La persona aspirante deberá incluir los documentos siguientes:

1) el formulario de certificación que aprobará la Junta Examinadora para esos fines, firmado por el decano o la decana de la Escuela de Derecho de la cual se graduó en la cual se acredite su buena reputación,

2) una declaración jurada en la que afirme que reúne los requisitos decretados en el inciso I(A) de esta Resolución, que se compromete a regirse por los términos y condiciones de esta Resolución y por los Cánones de Ética Profesional que rigen la conducta de los abogados y las abogadas en nuestra jurisdicción. Se utilizará el formulario Declaración Jurada para Aspirante que Solicita Admisión Provisional para Ejercer la Abogacía bajo Supervisión.

D) El Secretario o la Secretaria del Tribunal llevará un registro de las admisiones provisionales concedidas. El registro contendrá el nombre de la persona admitida provisionalmente para ejercer la abogacía bajo supervisión, el nombre del abogado supervisor o de la abogada supervisora, la fecha de la solicitud y de la concesión de la admisión provisional.

## III. **Alcance de la admisión provisional**

A) La admisión provisional concedida al amparo de esta Resolución se limitará al ejercicio de la abogacía bajo supervisión. En ningún caso esta admisión incluirá el ejercicio del notariado.

B) La admisión provisional bajo supervisión no implica que la persona aspirante sea admitida de forma plena al ejercicio de la abogacía. Por consiguiente, en su quehacer profesional, la persona aspirante nunca dará la impresión de que su admisión a la profesión es plena.

C) La comparecencia de la persona aspirante admitida provisionalmente y del abogado supervisor o la abogada supervisora ante los tribunales de justicia u organismos administrativos de Puerto Rico se regirá por lo dispuesto en la Regla 12(g)(6) del Reglamento, *supra*.

D)   Cuando así lo requiera un tribunal de justicia u organismo administrativo del Estado Libre Asociado de Puerto Rico, la persona aspirante admitida provisionalmente deberá presentar la Resolución del Tribunal Supremo para acreditar que cuenta con autorización provisional para ejercer la abogacía bajo supervisión.

E)   La persona aspirante admitida provisionalmente a practicar la abogacía bajo supervisión quedará sujeta a la jurisdicción disciplinaria de este Tribunal del mismo modo y en la misma medida que lo están las y los demás miembros de la profesión legal.

F)   La persona admitida provisionalmente a practicar la abogacía bajo supervisión no debe solicitar ni aceptar directamente del o de la cliente remuneración alguna por sus servicios. Sin embargo, podrá recibir remuneración de parte del abogado supervisor o de la abogada supervisora por los servicios legales prestados bajo supervisión.

G)   La admisión provisional para ejercer la abogacía bajo supervisión terminará inmediatamente ocurra cualquiera de las circunstancias enumeradas en la Sección VI(B) de esta Resolución.

H)   Finalizada la admisión provisional para ejercer la abogacía bajo supervisión, la admisión plena al ejercicio de la abogacía de la persona aspirante dependerá de que apruebe la próxima Reválida de Derecho general administrada por la Junta Examinadora, sea certificada por la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía (Comisión de Reputación) y preste juramento ante este Tribunal.

## IV.  **Deberes y responsabilidades de las partes**

A) Abogado supervisor o abogada supervisora

Al asumir la supervisión de una persona aspirante admitida provisionalmente a ejercer la abogacía, el abogado supervisor o la abogada supervisora se compromete a lo siguiente:

1) Supervisar un máximo de dos (2) personas admitidas provisionalmente a ejercer la abogacía simultáneamente;

2) Abstenerse de delegar la supervisión a otro abogado u otra abogada;

3) Supervisar directamente el trabajo de la persona admitida provisionalmente a ejercer la abogacía. Debe certificar con su firma y número del Registro Único de Abogados (RUA) todo documento que redacte la persona admitida provisionalmente;

4) Realizar esfuerzos razonables para garantizar que la persona admitida provisionalmente a ejercer la abogacía cumpla con los Cánones de Ética Profesional;

5) Asumir responsabilidad ética por las acciones y el trabajo realizado por la persona admitida provisionalmente para ejercer la abogacía bajo supervisión. No obstante, la persona admitida provisionalmente debe regirse en todo momento por las disposiciones de los Cánones de Ética Profesional, incluso cuando actúe bajo la dirección del abogado supervisor o la abogada supervisora;

6) Obtener el consentimiento por escrito del o de la cliente que recibirá los servicios legales bajo práctica supervisada de la abogacía. Además, informará por escrito al o a la cliente que la persona aspirante admitida de forma provisional no podrá requerirle el pago de honorarios directamente. Le proveerá al o a la cliente su nombre, dirección, número de teléfono y número del RUA y la información relacionada a la persona admitida provisionalmente que rendirá servicios bajo supervisión. Asimismo, le notificará de forma inmediata al o a la cliente cuando finalicen los servicios legales provistos bajo supervisión;

7) Garantizar un manejo de casos efectivo que evite los conflictos de intereses, potenciales o reales, con clientes que reciban servicios legales de la persona admitida provisionalmente a practicar la abogacía bajo supervisión;

8) Actualizar de forma continua la información provista en la Solicitud de Admisión Provisional para Ejercer la Abogacía Bajo Supervisión;

9) Informar mediante moción a este Tribunal, con copia a la persona admitida provisionalmente, cuando no pueda continuar con la supervisión del trabajo legal de esta;

10) Informar mediante moción a este Tribunal, con copia a la persona admitida provisionalmente, si en algún momento determina que, a su juicio, la persona admitida provisionalmente no cumple con las competencias requeridas por la profesión o cuando advenga en conocimiento de que infringió los Cánones de Ética Profesional o las leyes del Estado Libre Asociado de Puerto Rico;

11) Informar mediante moción a cualquier tribunal de justicia u organismo administrativo donde se encuentre pendiente un litigio, con copia a la persona admitida provisionalmente y a todas las partes del caso, que se inició un proceso disciplinario en su contra. En tal caso, cesará de inmediato la admisión provisional para ejercer la abogacía bajo supervisión. La persona admitida provisionalmente podrá solicitar la admisión bajo la supervisión de otro abogado u otra abogada. Esta nueva solicitud quedará sujeta a los mismos términos y condiciones establecidos en la presente Resolución, salvo lo requerido en el inciso II(C);

12) Continuar con la representación legal de los y las clientes cuando la admisión provisional de la persona aspirante finalice por cualquier razón, sin menoscabar la libre selección del o de la cliente de renunciar a la representación legal en curso para contratar los servicios de la persona aspirante una vez sea admitida a la profesión legal.

B) Persona admitida provisionalmente para ejercer la abogacía bajo supervisión

Al solicitar la admisión provisional, la persona aspirante se compromete a lo siguiente:

1) Regirse en todo momento por las disposiciones de los Cánones de Ética Profesional, incluso cuando actúe bajo la dirección del abogado supervisor o la abogada supervisora;

2) Desempeñarse, en todo momento, bajo la supervisión directa e inmediata del abogado supervisor o de la abogada supervisora;

3) Nunca dar la impresión de que su admisión a la profesión es plena;

4) En todo escrito, comunicación verbal o gestión presencial que la persona admitida provisionalmente redacte o realice en representación del o de la cliente se requerirá la firma y el número del RUA del abogado supervisor o de la abogada supervisora y que la persona aspirante se identifique como abogado admitido o abogada admitida provisionalmente bajo supervisión;

5) No aceptar ni solicitar honorarios directamente del o de la cliente por los servicios legales provistos bajo supervisión;

6) Advertirle al abogado supervisor o a la abogada supervisora desde el inicio o durante la representación legal sobre la existencia de cualquier conflicto de interés real o potencial;

7) Actualizar de forma continua la información provista en la Solicitud de Admisión Provisional para Ejercer la Abogacía bajo Supervisión;

8) Informar mediante moción a cualquier tribunal de justicia u organismo administrativo donde se encuentre pendiente un litigio, con copia al abogado supervisor o a la abogada supervisora y a todas las partes del caso, que se inició un proceso disciplinario en su contra. En tal caso, cesará de inmediato la admisión provisional concedida para ejercer la abogacía bajo supervisión.

**V.    Exclusiones**

A) Durante la vigencia de esta Resolución, a la persona aspirante admitida provisionalmente para ejercer la abogacía bajo supervisión no le aplicarán las reglamentaciones siguientes:

   1) Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico

   2) Reglamento del Programa de Educación Jurídica Continua

   3) Reglamento de Métodos Alternos para la Solución de Conflictos

**VI.   Vigencia de la admisión provisional**

A) La admisión provisional para ejercer la abogacía bajo supervisión entrará en vigor el 1 de octubre de 2020.

B) Esta admisión provisional quedará sin efecto al ocurrir cualquiera de los eventos siguientes:

   1) cualquiera de las partes incumple con los deberes y responsabilidades establecidas en el inciso IV de esta Resolución;

   2) se inicia un procedimiento disciplinario contra el abogado supervisor o la abogada supervisora ante el Tribunal Supremo o en cualquier otra jurisdicción;

   3) se inicia un procedimiento disciplinario contra la persona admitida provisionalmente para ejercer la abogacía bajo supervisión;

   4) en relación con la primera Reválida de Derecho general administrada por la Junta Examinadora luego de la entrada en vigor de esta Resolución, la persona aspirante:

      a) no solicita admisión para tomar la Reválida de Derecho;

      b) siendo admitida a la Reválida de Derecho, se ausenta al examen;

      c) obtiene una calificación de no aprobado en la Reválida de Derecho;

      d) no es certificada por la Comisión de Reputación, o

    e) se ausenta a su ceremonia de juramentación.

5) este Tribunal así lo ordene.


    Si la persona admitida provisionalmente a ejercer la abogacía aprueba la próxima reválida que se administre, podrá continuar ejerciendo la práctica bajo supervisión mientras se le admite formalmente al ejercicio pleno de la abogacía.


Notifíquese por correo electrónico al Director Ejecutivo de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría (Junta Examinadora), a las y los miembros de la Junta Examinadora, a la Decana y los Decanos de las Facultades de Derecho del País y al Director de la Oficina de Prensa de la Oficina de Administración de los Tribunales.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres se une a la expresión del Juez Asociado señor Colón Pérez. Además emite la siguiente expresión:

    Voto conforme con las modificaciones a la forma en que se administrará esta vez el examen de reválida de abogados. Estoy dispuesto a darle una oportunidad a la propuesta de un día de examen, a pesar de las incógnitas que ello presenta, como pasa con todo lo nuevo. Sin embargo, no puedo dar mi conformidad a una propuesta atropellada, en medio de una pandemia, que olvida o posterga atender el interés público, al conferirle a unos abogados una admisión condicionada, con tan solo solicitarla, y sin que podamos garantizar que esos graduandos están capacitados con el conocimiento de las destrezas mínimas que son necesarias para practicar la profesión.

    No debemos representarle al pueblo que una persona es competente para realizar tareas legales si eso no nos consta. El riesgo de que se cauce daño al público es inaceptable. Nótese que la autorización provisional que se propone sería para múltiples asuntos y no para un caso en específico como en el caso de los estudiantes o la admisión por cortesía. Tampoco se trata de un entrenamiento a un estudiante sino de una admisión a una persona que se supone que ya se entrenó, pero como no pasó ningún criterio objetivo, no sabemos si lo está. Si lo propuesto es suficiente para que una persona

pueda practicar la profesión, entonces ¿hace falta la reválida?

Ha habido llamados recientes para que establezcamos esa modalidad de admisión, pero eso en realidad no tiene que ver con la pandemia. La pandemia es la oportunidad de las escuelas y de sus graduandos para tratar de que se cree una salida alterna para el problema, presente aquí y en muchos estados, de la cantidad creciente de egresados que no cualifican para tener una licencia. Precisamente, por eso, me temo que el año que viene veré a esos mismos grupos presionando para que la admisión temporera se haga permanente y se cree una categoría externa de licenciados.

A muchos esta licencia les recordará lo que coloquialmente los médicos llaman la licencia NPI. Empero, no se trata de un número nacional de identificación (*National Provider Identifier*) como proveedor de Medicare y Medicaid. Los cínicos la llamarán la "licencia NPI", porque este Tribunal no tiene ni idea de si el abogado admitido tiene las destrezas mínimas para practicar la profesión. Disiento respetuosamente del establecimiento de esa "licencia".

El Juez Asociado señor Feliberti Cintrón hace constar la siguiente expresión:

El Juez Asociado señor Feliberti Cintrón está conforme con la administración de la reválida de un solo día, pero respetuosamente disiente de aquella parte de la Resolución en la que se provee para la admisión provisional para ejercer la profesión de la abogacía.

El Juez Asociado señor Estrella Martínez hace constar la siguiente expresión particular:

Ciertamente, la realidad que vivimos a consecuencia de la pandemia del Covid-19 nos enfrenta a grandes retos, a los cuales este Tribunal no está exento. Por ello, hemos tenido que reinventarnos en muchos aspectos para lograr ofrecer los servicios y ejercer nuestras funciones de la manera más prudente y eficiente posibles. Habida cuenta de esta difícil y retante realidad, estoy conforme con las medidas cautelares adoptadas por la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, avaladas por el Pleno del Tribunal, en cuanto a introducir mayores

garantías dirigidas a preservar la salud durante la administración del examen de reválida del año 2020, siempre y cuando las circunstancias así lo permitan.

Entre estas medidas, resulta adecuado reducir el tiempo de duración de la prueba a un (1) sólo día. Reconozco también que la Junta ha contratado facilidades adicionales para proveer un distanciamiento físico más amplio del recomendado por los profesionales de la salud. Asimismo favorezco la medida administrativa de honrar los sellos de los y las aspirantes que opten por no tomar el examen en estos momentos, ello con el ánimo de que no pierdan el dinero pagado.

Ahora bien, tengo mis reservas en adoptar un mecanismo de admisión provisional a la práctica de la profesión legal, sin la debida aprobación del examen de reválida o sin algún filtro equivalente para garantizar la aptitud para ser admitido a la profesión. Ello, particularmente por las implicaciones de interés público que acarrea. Nuestro poder inherente para regular la profesión legal conlleva la gran responsabilidad de velar porque los candidatos que vayan a ejercer la profesión estén capacitados y sean aptos para cumplir cabalmente las serias responsabilidades de esta profesión en protección del público, de la eficiente administración de la justicia y de la propia imagen de la profesión legal. *In re CRR*, 144 DPR 365 (1997). Bajo la medida hoy implantada se permitiría que personas, que no nos consta que están preparadas para ejercer la profesión, así lo hagan. Precisamente, esa es la razón de ser del examen de reválida que, como mínimo, nos da certeza de que ese nuevo practicante tenga el conocimiento legal básico y las destrezas analíticas requeridas en esta carrera profesional, que de por sí está sujeta a múltiples retos y responsabilidades éticas y sociales. Así, lo recoge la Sección 5.1 del Reglamento para la admisión de aspirantes al ejercicio de la abogacía y la notaría, en el que se establece que: "[l]os propósitos principales de los exámenes de Reválida General y Notarial serán evaluar la capacidad del aspirante para analizar problemas jurídicos y medir las destrezas y conocimientos mínimos para el ejercicio de la profesión de la abogacía y la notaría; todo ello mediante la aplicación de las normas y los principios de conocimientos fundamentales en la

profesión dentro de las distintas áreas del Derecho que son objeto del examen."

A días de posiblemente celebrarse el examen, entiendo no es prudente ni necesario implantar la medida en cuestión, pues, acorde con lo hoy anunciado, los y las aspirantes cuentan con la alternativa de tomar el examen de reválida presencial con los protocolos oficiales de salud y medidas de seguridad más amplias. Ahora bien, en el escenario de que el examen de reválida no se pueda administrar, según lo pautado, no cerraría las puertas para así adoptar algún tipo de programa supervisada similar, siempre y cuando se adopten medidas que, aunque no tan formales como un examen de reválida, contribuyan a determinar la capacidad e idoneidad del aspirante. Ello, para no dejar desprovistos de remedio a los y las aspirantes a la abogacía recién graduados en la eventualidad de que no pudiéramos ofrecerles el examen de reválida. No obstante, en ese caso, incluiría mayores controles a los hoy adoptados para validar la idoneidad del o la aspirante, como lo podría ser una entrevista con determinados funcionarios judiciales y el uso de recursos tecnológicos en que se pueda apreciar sus conocimientos en derecho, así como su capacidad analítica. Ello, nos ofrecería un mejor filtro y mayor confiabilidad al momento de admitir algún candidato o candidata a la abogacía. Ante el calendario actual en el que la Junta acredita tener la capacidad para administrar el examen de reválida de todas y todos los aspirantes, no favorezco que simultáneamente se ofrezca una admisión temporal a personas que estarán en mejor posición, en términos de admisión a la profesión, que los que optaron por tomar la prueba. Respetuosamente me parece un contrasentido.

En resumen, habiendo trabajado la Junta con medidas dirigidas a administrar el examen de reválida a todas y todos los aspirantes y siendo ese el calendario oficial, no es el momento prudente para implantar métodos alternos simultáneos de admisión, carentes de mecanismos validados por la Rama Judicial que garanticen la idoneidad y preparación del aspirante, previo a admitirlo a la profesión aunque sea condicionalmente.

El Juez Asociado señor Colón Pérez hace constar la siguiente expresión:

En medio de la crisis de salud pública que vive nuestro País, -- como consecuencia de la pandemia COVID-19 --, estamos conformes con todo lo dispuesto en la *Resolución* que antecede, excepto con aquello relacionado a la adopción en nuestra jurisdicción de un sistema de admisión provisional a la profesión legal. Sobre esa propuesta, nos limitaremos a señalar que no consideramos apropiado admitir a la práctica de la abogacía en nuestro País a ninguna persona que -- como Tribunal -- no nos hayamos asegurado que tiene las competencias mínimas para ejercer como abogado o abogada. En nuestra jurisdicción, esto sólo se logra mediante la aprobación de los exámenes de admisión al ejercicio de la abogacía y la notaria, que confecciona, administra y corrige la Junta Examinadora. Razones de protección al **interés público**, entre otras de igual importancia, son la base sobre la cual se levantan esos exámenes, y, en estos momentos, no estamos en posición de variar esa normativa.

Al asumir esta postura, tenemos muy presente que, al final del día, se trata aquí de personas que pueden tener en sus manos el derecho a la vida, a la libertad o al disfrute de propiedad de los ciudadanos y ciudadanas que aquí habitan, y que para hacer ello -- como Tribunal -- debemos asegurarnos que éstos y éstas estén mínimamente preparados para defender adecuadamente el interés de aquellos y aquellas que pudiesen tocar a las puertas de nuestros tribunales en busca de justicia. Lo anterior, sin lugar a dudas, no se logra poniendo en las manos del o la aspirante al ejercicio de la profesión legal el que pueda decidir, por el o ella, sin más, si está o no apto para ejercer la profesión legal. Ello no sería del todo responsable, no al menos para quien suscribe.

Establecido lo anterior, consideramos que las demás medidas que adopta este Tribunal, relacionadas con los exámenes de admisión al ejercicio de la abogacía y notaria, -- dirigidas a crear, dentro de lo posible, un ambiente adecuado para la administración de los mismos--, atienden los válidos reclamos de aquellos y aquellas que están próximos a tomarlos.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo